In the Matter of the Application of ELVA H. BOGART, Respondent, under Section 32 of the General Corporation Law, to Inquire into the Election of Directors and Officers of the NEW YORK STATE AUTOMOBILE ASSOCIATION, a Membership Corporation, and to Establish the Legality of the Election of Certain Persons as Officers and Directors, and Others, Appellants.

Fourth Department, December 23, 1925.

**Corporations — membership corporation — directors — election — proceeding under General Corporation Law, § 32, to establish election of directors — said directors were elected legally by small part of membership though contrary to long-established illegal practice of corporation — under circumstances new election is ordered.**

The election of directors of a membership corporation will be set aside under section 32 of the General Corporation Law and a new election ordered, where it appears that a small portion of the membership in attendance at an annual meeting separated from the main body and held an election of directors in strict accordance with their legal rights, but said election was contrary to the long-continued, though illegal, practice of electing directors by the officers of the corporation and certain accredited representatives from clubs and by directors at large, for, while the action of said body was strictly legal, under the circumstances, justice requires that a new election be ordered so that the main body of the membership may be given an opportunity to vote.

APPEAL by the New York State Automobile Association and others from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 23d day of November, 1925, establishing the election of certain persons as officers and directors of said association.

*Melvin T. Bender,* for the appellants.

*Stewart F. Hancock,* for the respondent.

PER CURIAM. The regularity and validity of a corporate election of officers and directors of the New York State Automobile Asso-

ciation, held at Lockport, N. Y., October 12, 1925, is the question here involved.

For many years past the association has functioned under the management of officers and directors elected, not directly by the individual members assembled in annual meeting, but by a somewhat anomalous body consisting " of the officers of the association, the duly accredited representatives from clubs * * * and three directors at large."

At the meeting in question this body, pursuant to the method long used and generally acquiesced in, elected one set of officers and directors. Another set was elected at a separately organized meeting on the same day by a comparatively few individual members of the association who claimed the right to vote directly in person or by proxy at an annual meeting.

In our opinion the various provisions of the certificate of incorporation and of the constitution and by-laws are so uncertain, ambiguous, conflicting and incomplete as to afford no legal basis for the so-called representative method of election heretofore in use. The decision below, setting aside the election made in that manner, was, therefore, right.

We are further of the opinion, however, that right and justice require a new election. Because of the long-continued practice at prior annual meetings which had been generally acquiesced in and for which some color of authority may be found in the by-laws, the great mass of members felt no direct interest in the meeting and took no part therein. A small body of protestant members were thus able, by exercising their strict legal rights, to take control. Under the circumstances, therefore, the membership at large has had no fair opportunity to express its choice.

The order below should be modified to provide for a new election to be held in accordance with law and with the provisions of the order to be entered hereon, and as modified affirmed, without costs of this appeal to either party.

Present — DAVIS, SEARS, CROUCH and TAYLOR, JJ.

Order modified so as to grant a new election and as so modified affirmed, without costs of this appeal to either party. Settle order before CROUCH, J., on two days' notice.