GIOVANNI DI SILVESTRO and Others, Plaintiffs, *v.* SONS OF ITALY GRAND LODGE and Others, Defendants.*

Supreme Court, Oneida County, July 16, 1927.

Corporations — membership corporations — meetings — application to reopen case in which new election was decreed — election was held invalid at adjourned meeting because quorum was not present — provisions in by-laws of Grand Lodge for " second call meeting " at which any number would constitute quorum does not relate to adjourned meeting — said provision violates Membership Corporations Law of 1909, § 8 (now Membership Corporations Law of 1926, § 20) — under Membership Corporations Law of 1909, §§ 8 and 44 (now Membership Corporations Law of 1926, §§ 20 and 44), provision as to quorum is invalid — statutory provision as to quorum applies to meetings held by delegates — application to reopen is dismissed.

On the original trial of this case before a referee, the referee directed that a new election be held by the defendant. This is an application to reopen the case for the purpose of giving additional testimony. The original decision is based on the fact that the election which took place at an adjourned meeting was invalid because a quorum was not present. A provision in the by-laws of the Grand Lodge that a " second call meeting " is lawfully organized without regard to the number in attendance, does not apply to an adjourned meeting on a first call but only applies where the meeting first called cannot be held because a quorum is not present.

Furthermore, the provision that any number may be held to constitute a quorum at a " second call meeting " is void since it violates the provisions of section 8 of the Membership Corporations Law of 1909 (now section 20 of the Membership Corporations Law of 1926), for section 8 provides that the by-laws may fix a quorum at not less than one-third of the members or, if one-third shall be nine or more, at not less than nine. This section controls although there is no statement in section 44 of the Membership Corporations Law of 1909 (now section 44 of the Membership Corporations Law of 1926) as to the number of delegates necessary to constitute a quorum, where the meeting is held by delegates instead of by members.

The application to reopen the case is denied.

MOTION by plaintiffs to open case for purpose of giving additional testimony.

---

* See, also, 129 Misc. 521.

*Hardin & Hess* [*Harold B. Elgar* of counsel], for the plaintiff Di Silvestro.

*Hughes, Rounds, Schurman & Dwight*, for the plaintiff Supreme Lodge Order of Sons of Italy in America.

*Miller & Hubbell*, for the plaintiffs Rossi and others.

*Salvador J. Capeoelatro*, for Pucci.

*Philip Bongiorno* [*Clayton R. Lusk* of counsel], for the defendants.

WHEELER, Official Referee.    The referee is of the opinion that the motion to reopen the case made by the plaintiffs should be denied. The referee sought by the decision heretofore made to restore so far as possible the *status quo* existing in the Order of the Sons of Italy, and to that end directed a new election to be held at a convention called for that purpose.   This was upon the theory that no legal election was held, either at the Star Casino convention in New York, or at the meeting at Schenectday.

The plaintiffs contend that, although no legal quorum was present on the first day of the Schenectady convention, nevertheless that under the provisions of sections 164 and 165 of the rules and regulations of the Grand Lodge officers might be legally elected at the adjourned meeting of the following day, and that any number of delegates at such adjourned meeting constituted a quorum for the transaction of business, and desired to give further evidence to establish such facts.   The plaintiffs attached to their complaint what purported to be a translation of such regulations.   This translation reads as follows:

" Section 164. The sessions of the Grand Lodge are held under a first meeting convening notice, or under a second meeting convening notice.   The notice shall contain, besides the order of business, the date of and the hour and the place at which the meeting is to be held.

" It shall furthermore contain the caution that should it prove impossible to hold a first call meeting owing to the lack of a quorum, there shall be held a second call meeting irrespective of the number of the attendance.

" Between the first call meeting and the second call meeting there shall elapse 12 hours.

" Section 165. At a first call meeting a quorum shall be held to be present wherever the number of the attendance is in excess of one-third of the number of those who are entitled to attend the meeting.

" A second call meeting is held to be lawfully organized whatever the number of the attendance."

Supreme Court, July, 1927.    [Vol. 130

The plaintiffs contend this translation is not correct, but should read as follows:

" The sessions of the Grand Lodge are held under a notice of first and second convening.

" The notice shall contain, besides the order of business, the date, the hour, and the place at which the meeting is to be held.

" It shall further contain the statement [caution] that should it not be possible to hold the first meeting [convocazione] because of the lack of the legal number, there will be held a second meeting whatever the number of those present.

" Between the first and the second meetings there must elapse twelve hours."

The defendants deny the correctness of this amended translation, and insist that under the regulation or by-laws a second meeting of the convention could only be held upon a call by the officers of the Grand Lodge.   It seems to be conceded no such call or notice was in fact made, but that the meeting at Schenectady was simply adjourned to the following day.   It is argued with force that, if the first convocation lacked a quorum, the regulation contemplated a call or notice for a second meeting, so that district lodges not represented might be advised of the fact, and see that they were properly represented at a later meeting, and that a mere adjournment from one day to another did not meet the purposes or object of the regulation.

Certainly the regulation, however translated, makes no mention of an adjournment, or power to adjourn, when no quorum was present at the first meeting.   It would have been very simple, had a mere adjournment been contemplated, for the regulation to have said in substance that, in the absence of a quorum on the first day of meeting, an adjournment might be had to a later day, when any number of delegates present should constitute a quorum for the transaction of business.   Such is not the language of the sections.   We, therefore, construe the regulations as requiring a further or second call or notice, which was not given.   The evidence further shows that, after notice had been given changing the place of meeting from Schenectady to New York, those loyal to the order and opposed to secession issued a call for those remaining loyal to meet at Schenectady.   This call was signed by those designating themselves as " provisional president " and " provisional secretary." Some sixty-five holding certificates of election as delegates appeared at the Schenectady convention.

In addition some others evidently appeared as alternates.   But all such persons did not exceed 90 in number, and together did not represent one-third the total number of delegates.   Nevertheless

other persons claiming to represent lodges without proper credentials were permitted to participate in the convention, and it is claimed the total number so participating amounted to 145. It cannot well be claimed, we think, that a convention so organized can be said to have complied with the regulations and by-laws of the Grand Lodge. In any event, the facts seriously cloud the validity of whole proceeding.

The defendants further contend that the provision of regulation 165, that any number of delegates present at a second meeting of the annual convention shall constitute a quorum, is illegal and void. Section 8 of the Membership Corporations Law of 1909* authorized the making of by-laws not inconsistent with law providing for various things, and among others " the number of members, not less than one-third, or if one-third be nine or more, not less than nine, whose presence shall be necessary to constitute a quorum at its meetings."

The by-law or regulation in words declares any number of delegates present at the second meeting or convention shall constitute a quorum. In other words, if but five were present, such number could constitute a quorum. This is in direct violation of the statute requiring at least nine in number. The regulation or by-law, therefore, violates the statute, and cannot be deemed valid. If invalid, then nothing less than one-third could constitute a quorum.

It is true that section 8 of the Membership Corporations Law of 1909 relates to meetings of members of the corporation, when any and all members of such a corporation have a right to be present and participate in its proceedings. It is also true that by the constitution and by-laws of the State Order of the Sons of Italy a convention of delegates is provided for, instead of a meeting of members, as authorized by section 44 of the Membership Corporations Laws of 1909.† It is contended, therefore, inasmuch as section 44 is silent as to the number of delegates necessary to constitute a quorum, that any number present constituted a legal quorum for the transaction of business. It is, however, the opinion of the referee that sections 8 and 44 of the act must be read and construed together, and that it was the intention of the Legislature to provide that, whether corporate meetings were held either at a meeting of individual members, or by a convention of elected delegates, at least one-third of the number is required for a quorum, unless by valid by-law or regulation a less number (not less than nine) may make a quorum.

---

* Now section 20 of the Membership Corporations Law of 1926.— [REP.

† Now section 44 of the Membership Corporations Law of 1926.— [REP.

32

Section 8 is general in its provisions declaring the by-laws may provide: " The number of members, not less than one-third, or if one-third be nine or more, not less than nine, whose presence shall be necessary to constitute a quorum at its meetings." A convention of delegates held under the provisions of section 44 constituted a " meeting " of the corporation just as much as a gathering of individual members. Section 44 provides, when a convention of delegates is held, that " when assembled under the name and in the manner directed by the constitution and by-laws of the corporation " they " shall have and may exercise all the powers, rights and privileges of an annual meeting of the corporation."

In other words, a convention of delegates is but a substitute for a meeting of members, and may exercise the " powers, rights, and privileges of an annual meeting of the corporation." Those powers and rights are defined in section 8, and to ascertain such powers and rights conferred by section 44 we must refer back to section 8 and read these in connection with section 44. It would seem, therefore, a convention can exercise such rights and powers, *and those only*, as the annual meeting of members would have, and where section 8 required the presence of one-third of the members to constitute a quorum the same requirement holds good in a convention of delegates. If any different rule is to apply to conventions from that prescribed for annual meetings, it certainly would seem that the Legislature would have so declared. It has not done so.

If the referee is right in this view, it follows in the instant case that, if the by-law declaring *any* number present at a call for convention may constitute a quorum is invalid, then the Schenectady convention was without a legal quorum for the transaction of business or to elect officers of the corporation.

We think it fair to say that a case should be reopened with great hesitation, where it has been once tried and disposed of by the court, upon allegations in the pleadings now sought to be amended to meet the plaintiffs' modified views. In any event, the referee is of the opinion, in view of all the circumstances of this case, that a new convention and election of officers, as suggested in his original opinion, should be called as the proper solution of the complication of conditions which have arisen.

This seems to be the proper course to be pursued, and, aside from all technical considerations, right and justice, we think, require this be done. In this view the referee, we think, is sustained by the case of *Matter of Bogart* (215 App. Div. 45), where a somewhat similar situation arose, and the court ordered a new election, despite the fact a small body of protestant members were

able to assert that by having exercised their strict legal rights they were entitled to take control and have themselves declared the duly constituted officers of a corporation.

The plaintiffs' motion, therefore, to reopen the case is denied, without costs.