In the Matter of LAKE PLACID COMPANY.

LAKE PLACID COMPANY et al., Appellants; DEO B. COLBURN et al., Respondents.

Third Department, July 7, 1948.

*Lord, Day & Lord* and *Harold R. Soden,* attorneys (*Herbert Brownell, Jr.,* and *Woodson D. Scott* of counsel), for appellants.

*Feinberg & Jerry,* attorneys (*Harold A. Jerry* of counsel), for respondents.

FOSTER, J.  This is an appeal from an order of the Supreme Court at Special Term which set aside an election of directors for the Lake Placid Company and ordered a new election, granted respondents' motion to amend their petition so as to allege that the proceeding herein was brought under section 25 of the General Corporation Law, and struck out the separate defense contained in the answer, and denied appellants' motion to dismiss the petition.

The Lake Placid Company is a stock corporation.  The Lake Placid Club Education Foundation, hereafter referred to as Foundation, is an educational corporation chartered by the Board of Regents of the State of New York.  It owns slightly more than a majority of the stock of the Lake Placid Company.

The by-laws of the Lake Placid Company specify that the annual meeting of stockholders for the election of directors shall be held on the first Tuesday after the first Monday of September in each year, and if not so held a special meeting shall be called as provided by the General Corporation Law. No annual meeting was held in September, 1947, and a special meeting of the stockholders for the purpose of electing directors was called for January 12, 1948.  At that meeting the stock of the Lake Placid Company owned by Foundation was voted by proxy for the directors who have been unseated by the order appealed from.  The petitioners in this proceeding allege that such stock was voted without legal authority, and hence there was neither a quorum present at the special meeting of stockholders, nor a plurality of votes for the directors nominated (Stock Corporation Law, § 55).  They assert that the purported election of the directors at that meeting was therefore illegal and void.

The proceeding herein was brought under section 25 of the General Corporation Law which provides in substance that upon the application of any member aggrieved by an election, the Supreme Court at Special Term may determine the validity thereof and make such order as justice requires.  This section was enacted to give the court power to test in a summary manner the title of corporate officers without resorting to the cumbersome action of quo warranto (*Matter of Ringler & Co.,* 204 N. Y. 30).

Appellants urge that the order at Special Term should be reversed chiefly for two reasons: first, that since petitioners brought the proceeding solely as stockholders of the Lake Placid Company, they cannot attack any proxy of Foundation which was valid on its face, which is another way of alleging that petitioners were not aggrieved; and second, that the action of Foundation in authorizing its proxy or proxies was valid. As a matter of fact there were two proxies, one authorized at a meeting of the trustees of Foundation, and the other by its executive committee.

As to the first ground mentioned we think that any stockholder has a presumptive interest in the legality of votes cast at a stockholder's meeting. The inspectors of election at such meeting are purely ministerial officers and may not determine the genuineness of proxies cast (*Matter of Cecil*, 36 How. Prac. 477; *Matter of Young* v. *Jebbett*, 213 App. Div. 774). Only in a proceeding under section 25 of the General Corporation Law or in an action in the nature of quo warranto may such an issue be determined. Petitioners as stockholders of the Lake Placid Company had a prime interest in the validity of any election for directors of that organization, and were aggrieved within the meaning of the statute if illegal votes were cast. The extent of their interest may be indicated by the fact that if Foundation's proxies were invalid there was not a quorum present at the special stockholder's meeting of the Lake Placid Company, for Foundation owned a majority of the latter stock and a majority was necessary for a quorum. In invoking the jurisdiction of the court they were not limited to a face appraisal of Foundation's proxies. The argument that petitioners could not inquire into the internal affairs of another corporation is not sound for the reason that the authority of the latter's agent was involved, and there is no prohibition in law against inquiring into the authority of an agent.

In passing to the second point — the legality of the action taken by Foundation in authorizing the execution of proxies, we find the following undisputed facts. Foundation is managed by a board of trustees which are twenty-five in number. Under the General Corporation Law they have the same status as directors (General Corporation Law, § 3, subd. 11). The by-laws of Foundation do not specify the number of trustees that shall constitute a quorum, and hence under the General Corporation Law a majority of the board constitutes a quorum. The by-laws do provide, however: " Action by trustees not otherwise specified in by-laws shall require ⅔ vote of a quorum or 4/5 vote by mail." There is no specific provision dealing with the

authorization and designation of proxies, and, therefore, such business apparently comes within the by-law quoted. The by-laws also provide that the president shall vote all securities standing in Foundation's name but only as specifically instructed by the trustees or executive committee.

At a meeting of the trustees of Foundation, held on September 2, 1947, there were twenty-two out of twenty-five members present. A resolution was offered designating the president, or in case of his inability to attend, the first vice-president, as proxy to vote all the shares of the Lake Placid Company owned by Foundation for the directors who have been unseated. Thirteen trustees voted in the affirmative and nine in the negative. That action was the authorization for one of the proxies voted at the stockholder's meeting of the Lake Placid Company on January 12, 1948.

On January 10, 1948, there was a special meeting of the executive committee of the board of trustees of Foundation. The by-laws of Foundation provide that in intervals between meetings of trustees the executive committee may by unanimous vote transact such Foundation business as the trustees may authorize. There were five members of the executive committee and all were present at the meeting mentioned. By a vote of three to two this committee authorized the execution of a proxy similar to the one previously authorized by the trustees and for the same directors. Thus there must have been some doubt as to the effectiveness of the proxy voted by the trustees. However that may be, action taken by only three members of the executive committee contravened the unanimous requirement of the by-laws, and in addition it does not appear that the committee was authorized by the trustees to transact any such business.

Appellants argue also that if for any reason the proxies authorized by the trustees and the executive committee were not legal nevertheless the president under his general powers of management had the right to vote the same. The last ground is not tenable because the by-laws provide specifically that the president shall vote securities owned as instructed by the trustees or the executive committee. Valid action by either of these bodies was, therefore, necessary to give the president any power in the matter.

Appellants also argue that so far as the trustees' meeting is concerned that a valid designation was made because more than two thirds of a quorum voted in favor thereof. They construe a quorum at the meeting in question to have been

the minimum required by statute, that is, a bare majority of the whole number of trustees, since no lesser number was provided for in the by-laws. This construction is erroneous since twenty-two trustees were present and all voted. The conventional significance of a minimum number as a quorum disappears when more than that number are present and vote. Then the total number present and voting constitutes the quorum. Otherwise it could not be determined who represented a quorum, and of more importance a minority of those present and voting might control the meeting. Therefore, at the meeting of Foundation's trustees a two-thirds vote of the members present and voting was necessary to designate a proxy if the by-law quoted was valid. Two thirds of twenty-two would have required at least fifteen votes, whereas only thirteen affirmative votes were cast.

There may be some question as to the validity of a by-law requiring a two-thirds vote of a quorum. A by-law requiring the unanimous vote of directors on any matter has been condemned as repugnant to sections 27 and 28 of the General Corporation Law (*Benintendi* v. *Kenton Hotel*, 294 N. Y. 112). The rationale of that decision seems to rest upon the proposition that while the by-laws of a corporation may fix the number necessary to constitute a quorum at less than a majority of the board, and not less than one third of its whole number, that when a quorum is established the votes of the majority are sufficient for binding action in matters affecting direction and management. There is much to be said for this point of view. In the present case for instance it is apparent that, under the by-law quoted, a minority of the trustees of Foundation cannot only stifle effective direction and management of Foundation but also that of Lake Placid Company as well. However, the decision quoted does not condemn a requirement for two-thirds vote of a quorum, nor is this requirement forbidden by sections 27 and 28 of the General Corporation Law, and hence we do not feel constrained to extend the view expressed in the *Benintendi* case.

In considering this controversy the court below evidently concluded that only legal questions were presented, and that equitable considerations involving the motions of the parties were immaterial. Hence it struck out the affirmative defense set forth in the answer. We concur in this view (*Matter of Kaminsky,* 251 App. Div. 132; *Matter of Utica Fire Alarm Telegraph Co.,* 115 App. Div. 821).

The order should be affirmed, without costs.

HILL, P. J., HEFFERNAN, RUSSELL and DEYO, JJ., concur.

Order affirmed, without costs.