98 So.2d 757 (1957)
STATE of Florida ex rel. John B. HAWLEY, Jr., Appellant,
v.
Thomas P. COOGAN, David W. Exley, Edward W. Collins, Dudley A. Whitman, William E. Beckham, Jr., and Bal Harbour Club, Inc., a Florida corporation not for profit, Appellees.
No. 57-50.
District Court of Appeal of Florida. Third District.
October 31, 1957.
Rehearing Denied December 10, 1957.
*758 Scott, McCarthy, Preston, Steel & Gilleland, Miami, for appellant.
Anderson & Nadeau, Miami, for appellees.
HORTON, Judge
This appeal is from a judgment dismissing an alternative writ of mandamus. The appellant sought to require correction of certain corporate minutes by mandamus proceedings. He was a stockholder in the Bal Harbour Club, a non profit corporation, and had solicited and obtained 117 proxies from various stockholders so as to vote their stock in favor of a proposed amendment to the corporate by-laws. The proxies were general in form and gave to the appellant all the powers the grantees possessed had they been present personally at the meeting.
Before the appellant could obtain a vote on his proposed amendment, another stockholder, named Hoffman, interjected an amendment to the proposal of the appellant which materially changed the effect of the motion under consideration. (Hereafter, we shall refer to the appellant's proposal as the Hawley proposal and the subsequent amendment as the Hoffman proposal.) The Hoffman proposal was seconded and put to a vote by the floor. The appellant voted his proxies against the Hoffman proposal but the chairman refused to count the proxy votes and the Hoffman proposal was carried. In so ruling, the chairman expressed his opinion that he did not question validity of the proxies but felt that they did not authorize the appellant to vote on the Hoffman proposal. The Hoffman proposal passed by a vote of 40 to 8. Thereafter, a vote was had on Hawley's proposal as amended by Hoffman at which time the appellant voted his proxies *759 in favor of the amended proposal. The chairman recognized and counted the proxies and the amendment passed.
The lower court granted the alternative writ of mandamus but subsequently dismissed it and denied the motion for the peremptory writ. In so doing, the lower court clearly was in error.
In this instance, the chairman was acting as the judge of the corporate election which is a purely ministerial function; Young v. Jebbett, 213 App.Div. 774, 211 N.Y.S. 61; In re Lake Placid Co., 274 App. Div. 205, 81 N.Y.S.2d 36; and this function is controllable by mandamus. The chairman cannot limit the use of a proxy which is general in form and appears to be valid on its face. The chairman did not challenge the validity of the proxies because of any patent irregularities, but he ruled that they were limited to use on the Hawley proposal only, in spite of the wide general powers appearing on the face of the proxies. The actions of the chairman violated the fundamental right of a stockholder to be represented by proxy.
The by-laws of the Bal Harbour Club provide as follows (Article IV, Sec. 3):
"Proxy: Every regular member may cast one vote, either in person or by proxy, at every membership meeting upon every question submitted to vote."
Clearly, the appellant was acting within the scope of his authority and was maintaining his fiduciary obligation to the stockholders whom he represented to assure the passage of the amendment scheduled for this special meeting.
The appellees have never contended, on appeal, that the chairman was correct in refusing to count the proxy votes. Rather, they present certain procedural defects and claim the affirmative defense of estoppel. We find the procedural defects alleged by the appellees to be without merit.
A fundamental requirement for the establishment of equitable estoppel is that the party alleging it show an injury as a result of changing his position in reliance upon the other parties' original action or inaction. See L.B. Price Mercantile Co. v. Gay, Fla. 1950, 44 So.2d 87. The appellee contends that failure to appeal from the ruling of the chair estopped the appellant from relief by mandamus. We find this position untenable in light of the foregoing rule. An appeal from the chair would only result in the identical vote had on the Hoffman proposal and the chair certainly would not recognize the proxy votes on the appeal.
Therefore, the order of dismissal is reversed, and this cause is remanded with instructions to issue a peremptory writ of mandamus in accordance with the command of the alternative writ.
Reversed and remanded with instruction.
CARROLL, CHAS., C.J., and PEARSON, J., concur.

On Petition for Rehearing
PER CURIAM.
On petition for rehearing, the appellees point out the failure of the court to consider that the opinion in this case directed the entry of a peremptory writ without allowing appellees an opportunity for trial. The record reflects that the appellant moved for a peremptory writ of mandamus notwithstanding the averments of the appellees' answer. The final order of the lower court denied the motion for a peremptory writ and dismissed the alternative writ.
The only issues for determination by the lower court upon the filing of the motion for peremptory writ were issues of law. A hearing on motion for issuance of peremptory writ of mandamus, notwithstanding the return, contemplates entry of a final order without submission of evidence, quashing or dismissing the alternative writ or granting the peremptory writ. See State *760 ex rel. Davis v. Atlantic Coast Line R. Co., 97 Fla. 816, 122 So. 256, 257; State ex rel. Hawkins v. Board of Control, Fla. 1950, 47 So.2d 608, 611; State ex rel. Bergin, v. Dunne, Fla. 1954, 71 So.2d 746, 748-749.
The court has considered its opinion and concludes that there remain no issues of fact for trial. The petition for rehearing, therefore, should be and it is hereby denied.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.