126 So.2d 283 (1961)
BOYNTON BEACH STATE BANK, a Florida banking corporation, Appellant,
v.
Ronald G. WYTHE and Grace N. Wythe, his wife, Appellees.
No. 1910.
District Court of Appeal of Florida. Second District.
January 13, 1961.
Rehearing Denied February 6, 1961.
Griffith & Moore, Boynton Beach, for appellant.
Thomas L. Bailey, West Palm Beach, for appellees.
KANNER, Judge.
Suit of chattel mortgage foreclosure was instituted by Boynton Beach State Bank against Robert E. Cole and Margaret P. Cole, his wife, Cole Mobile Homes, Inc., and Ronald D. Wythe and Grace N. Wythe, his wife. Decrees pro confesso were entered against the Coles and Cole Mobile Homes, Inc. The Wythes resisted the foreclosure, and the chancellor found in their favor on the doctrine of equitable estoppel. The appeal is from that decision.
The suit was on a note evidencing a loan to the Coles, secured by written instrument on a Zimmer house trailer. This transaction occurred on May 29, 1957, and the executed instruments bore that date. In defending, the Wythes asserted that they purchased the trailer on December 23, 1957, from Cole Mobile Homes, Inc., for which they had a certificate of title issued on April 5, 1958, and that their interest was superior *284 to that of the bank. They also pleaded equitable estoppel against the bank. As support for this defense the Wythes also asserted that while attempting to procure a certificate of title to the trailer, they had inquired of the plaintiff bank as to whether it claimed any lien against the trailer and were informed by an agent that there was no lien; that they relied upon this representation and, because of it, delayed any action against the Coles, with the result that they were unable to proceed against them since they had departed from the State of Florida to parts unknown.
On May 29, 1957, the Coles purchased the Zimmer house trailer, a new 1957 model, from Cole Mobile Homes, Inc., moved it to a trailer park, and resided in it for some time. Robert E. Cole and Margaret P. Cole were president and secretary, respectively, of the corporation. An original title certificate dated August 29, 1957, was issued by the motor vehicle commissioner, showing the Coles as owners and also showing the plaintiff's lien as the only lien. On December 23, 1957, the Wythes purchased the trailer from Cole Mobile Homes, Inc., as a dealer, the trailer having been moved back to the sales lot by the Coles. They received a title certificate from the motor vehicle commissioner on April 5, 1958, showing the trailer to be a 1958 model with no liens against it. Thus the original title certificate showing plaintiff's lien was issued about four months before the purchase by the Wythes and about seven months before a title certificate was issued to them.
Title to the trailer was acquired by the Coles subject to the first lien of the plaintiff; however, through their dealership, Cole Mobile Homes, Inc., they proceeded to sell it to the Wythes as a new and unencumbered vehicle and arranged for a new title to be issued to them showing such to be the fact. This situation was concealed for some time because the Coles continued to make payments to the bank as late as November, 1958, and the obligation was never in default until December 10, 1958.
The chancellor found that the bank and the Wythes were victims of fraudulent conduct on the part of the Coles and Cole Mobile Homes, Inc., but determined that the doctrine of equitable estoppel should be applied against the bank.
However, the Wythes knew that the trailer was in fact a 1957 model, knew that it had been moved from the sales lot and occupied for a time by the Coles, and knew they were buying a used trailer. Further, they failed to investigate as to any outstanding liens before they made their purchase. They relied on the assurances of the Coles and upon the fact that Cole Mobile Homes, Inc., was a duly licensed trailer dealer. Moreover, the lien asserted by the bank was for a bona fide loan to the Coles for their individual purchase of the trailer and represented only a single transaction with the bank.
The Wythes were apprised of facts calling for inquiry, but they relied upon the representations of the Coles and were deceived by them. At the time of the purchase, they did not check with the motor vehicle commissioner as to liens or otherwise; it was after purchase and some delay in receiving their license tag and title certificate that the Wythes did investigate and did receive written advice from their area district office of the motor vehicle commissioner that there were no liens on the trailer. Under the controlling statutes as applied to the circumstances of this case, the Wythes were not innocent purchasers for value without notice and they did not attain a title free of plaintiff's claim. See sections 319.22(1) and 319.27(2), Florida Statutes, F.S.A.; May v. Citizens National Bank of Orlando, Fla.App. 1958, 100 So.2d 651; Dicks v. Colonial Finance Corporation, Fla. 1956, 85 So.2d 874; and McQueen v. M. & J. Finance Corp., Fla. 1952, 59 So.2d 49.
We now turn to consideration of the question of equitable estoppel such as was held by the lower court to be operative against the plaintiff bank. Essentially an equitable estoppel may be said to consist of:

*285 "(1) Words and admissions, or conduct, acts, and acquiescence, or all combined, causing another person to believe in the existence of a certain state of things.
"(2) In which the person so speaking, admitting, acting, and acquiescing did so willfully, culpably, or negligently.
"(3) By which such other person is or may be induced to act so as to change his own previous position injuriously."
Steen v. Scott, 1940, 144 Fla. 702, 198 So. 489 and 493; and 12 Fla.Jur., Estoppel and Waiver, section 24, p. 400, and section 30, p. 405. Essential to estoppel is that element of the doctrine whereby the person claiming estoppel must have been influenced or misled by the conduct, act, or omission of the party against whom the doctrine is invoked; and in consequence of such conduct he must have changed his position to his detriment. Jarrard v. Associates Discount Corporation, Fla. 1957, 99 So.2d 272; and Singletary v. Mann, 1946, 157 Fla. 37, 24 So.2d 718, 166 A.L.R. 904. In claiming an equitable estoppel, a party must show an injury as a result of changing his position in reliance upon the other party's original action or inaction. State ex rel. Hawley v. Coogan, Fla.App. 1957, 98 So.2d 757. See also 12 Fla.Jur., section 56, p. 442 and section 57, p. 443.
Taking the testimony for the Wythes as true, we note that at the time they purchased the trailer, or before, there had been no assertion by the plaintiff upon which the Wythes could have taken assurance that no lien existed. On the other hand, it is shown that only after completion of the transaction and after becoming suspicious did the Wythes investigate as to liens. Testimony of Grace N. Wythe reveals that she first made inquiry at the bank on February 27, 1958, about two months after their purchase of the trailer. Therefore the claimed assertion of the bank's employee that no lien existed could not have misled the Wythes and could not have induced them to purchase the trailer, since any such reassurance came too late; nor, for the same reason, could such a statement have furnished a foundation for change of position on the part of the Wythes as to the purchase. Contrariwise, it was because of the failure of the Wythes to have ascertained before or at the time of the purchase the existence of the pre-existing lien and because of their reliance on representations of the Coles that the injuries arose. There is no basis for estoppel in the course of action of the plaintiff through its employee. The decree of the court is reversed and the cause remanded for further proceedings in conformity with this opinion.
Reversed and remanded.
ALLEN, C.J., and SHANNON, J., concur.