Henry L. Latham, J.
This is a proceeding brought pursuant to section 25 of the General Corporation Law for an order setting aside the annual election of directors of the respondent corporation at the stockholders’ meeting held on April 19, 1961, and for other relief.
At the outset two subsidiary motions have been made. The disposition hereinafter made of the proceeding itself may well render these motions academic, but for the record the court will rule on each of them independently.
The first of such motions is for a change of venue from Queens County to Erie County on the ground that the convenience of witnesses and the ends of justice will be promoted by such *870 change. It appears that the principal office of the respondent corporation is in the County of Erie. The stockholders’ meeting in question was held in the City of Buffalo in said county. Most of the directors’ meetings are held there. All of its resident directors reside in the County of Erie and its attorneys and accountants have their offices there.
The witnesses whose convenience will be suited by the change are for the most part directors or officers or attorneys of the corporation. It is well settled that a change of venue will not be ordered for the convenience of witnesses who are employees of a party to the proceeding (6 Carmody-Wait, New York Practice, p. 129). The two other witnesses whose convenience would be suited acted as inspectors of election.
On the other hand, petitioner’s witnesses are for the most part employees of various stock brokerage houses located in the City of New York. Moreover, respondent corporation maintains a factory in Nassau County and a “ residence ” in New York County. Under all the circumstances, the motion for a change of venue is denied.
The second motion is to vacate respondents’ notice to take the deposition of the petitioner as an adverse party. A proceeding under section 25 of the G-eneral Corporation Law is summary in nature (Matter of Lake Placid Co. [Colburn], 274 App. Div. 205) and does not lend itself to the delays entailed by the taking of depositions. The motion to vacate respondents’ notice to take petitioner’s deposition is granted.
Most of the controversy connected with this election arises out of the fact that a considerable amount of the stock of the respondent corporation was registered in street names, i.e., in the names of brokerage houses. The beneficial owners of said stock obtained proxies to vote their shares, as was their legal right under section 47 of the Stock Corporation Law. Subsequently the respondents, hereinafter called management, also obtained proxies with respect to some of the stock. For example, petitioner was entitled to vote 3,500 shares of stock of which he is the beneficial owner, but which were registered in the name of Cohen Simonson & Co. He obtained a proxy at about 11:00 a.m. on April 18, 1961, the day before the election. At the election, however, management had another proxy for 8,560 shares which included petitioner’s 3,500, also made out by Cohen Simonson & Co., which had been obtained about 4 o ’clock in the afternoon of April 18, 1961. The inspectors of election ruled that the later proxy revoked the earlier one and petitioner was deprived of his right to vote his 3,500 shares. In fact his shares were voted for management, thus making a *871 difference of 7,000 votes in the election. Management won the election by 562 votes.
While this incident alone might suffice to justify the ordering of a new election, a more important point is raised with respect to the by-laws under which the election was held. On January 9, 1961, the board of directors held a special meeting at Lexington, Kentucky, at which the board adopted an amendment to the by-laws known as section 5-a. Said amendment in effect prohibited nominations for the office of director from the floor at the annual meeting. The notice of the annual meeting sent by the secretary of the respondent corporation to the stock holders contained a statement notifying them “ pursuant tt Section 27 of the General Corporation Law that the By-Laws of the Corporation have been amended”.
Section 27 of the General Corporation Law provides, in part, as follows: “If any by-law regulating an impending election of directors is adopted or amended or repealed by the board, there shall be set forth in the notice of the next meeting of the members of the corporation for the election of directors the by-law so adopted or amended or repealed, together with a concise statement of the changes made.” Conceding that the board of directors could amend the by-laws, the obvious purpose of section 27 of the General Corporation Law is to enable the stockholders at the annual meeting to ratify or disaffirm the change in by-laws and to prevent the directors in control of a corporation from perpetuating themselves in office contrary to the wishes of the majority of the stockholders.
In the instant case the stockholders were not given the opportunity to pass upon the validity of this by-law changing the manner of nominating directors. "When the point was raised the chairman ruled the question out of order. He further refused to submit his ruling to the stockholders for their decision. He then asked if there were any other nominations. This would seem to have been a useless gesture since other nominations were prohibited by the by-law in question, the approval of which the chairman refused to submit to the stockholders. Under such circumstances, it is apparent that those in opposition to management did not have a fair opportunity to be heard. In Matter of Kaminsky (251 App. Div. 132, 139-140, affd. 277 N. Y. 524) the Appellate Division said: “ This is a summary proceeding. The statute gives the court discretionary power to confirm an election, or to order a new one, ‘ as justice may require. ’ Concededly the court may not arbitrarily refuse to ratify an election which has clearly been shown to be legal and fair, and order a new one, if perchance *872 the result is unsatisfactory. On the other hand, if reasonable grounds exist to indicate that the election under review has not been conducted in a proper, regular or fair manner, it should not be confirmed. If the result is not free from suspicion, or is clouded in doubt, and justice demands, we may in all fairness require the parties to start over again. When right, justice and fair play require, a new election should be ordered. (Matter of 215 App. Div. 45.) ”
The by-laws having been amended in respect to the election of directors, shortly prior to the election, section 27 of the General Corporation Law, if it is to be meaningful, requires that such amendment be submitted to the stockholders for their approval or rejection. That was not done in this case and such omission, alone, is sufficient to set aside the election and to order a new one.
The application is granted to the extent indicated.