SHANNON, Chief Judge.
The defendant below is appealing the final decree of foreclosure of a chattel mortgage against it in favor of appellee, plaintiff below.
This case is being considered with a case having the same style, Fla.App., 135 So.2d 264.
American Discount Company was and had been financing the purchase of cars by J. E. Mims Motor Sales, Inc. On May 16, 1959, American Discount Company filed with the Secretary of State a statement of trust receipt financing which was in all respects properly executed. Again on June 10, 1960, another such statement properly executed was filed with the Secretary of State. American Discount Company took from J. E. Mims Motor Sales, Inc., a note and chattel mortgage on the automobile involved on November 24, 1959, as security for a loan to be repaid in monthly installments. This lien was not filed with the Motor Vehicle Commissioner. The Central Bank of Tampa took a note and chattel mortgage on the same car on December 4, 1959. The Bank filed the lien of its mortgage with the Motor Vehicle Commissioner and it was noted on the title certificate to the automobile. On June 9, 1960, Mims delivered to American Discount Company a bill of sale and trust receipt covering the same automobile along with a check for the balance due under the note and mortgage of November 24, 1959. American Discount Company then issued to Mims a check for $1,909.00, and the purported trust receipt transaction of June 9, 1960, was thus completed. In July, 1960, American Discount Company demanded of Mims the money due on its note and Mims delivered possession of the automobile to American Discount Company. It was then that Mims delivered the title certificate covering the automobile to American Discount Company and it learned of the Central Bank’s note and mortgage.
The Central Bank of Tampa then filed the present suit, seeking to have its chattel mortgage foreclosed. By stipulation of the parties the automobile involved was sold and the proceeds thereof were placed in the registry of the court. After hearing testimony and receiving evidence the chancellor entered his final decree which states, in part:
“5. On November 24, 1959, defendant J. E. Mims Motor Sales, Inc., executed a note and chattel mortgage (defendants’ Exhibit “B”) to defendant American Discount Company, which note and chattel mortgage was not recorded either with the Motor Vehicle Commissioner or in the Public Records of Hillsborough County, Florida, and therefore was not constructive notice of the interests of American Discount Company in said automobile.
“6. The note and chattel mortgage dated November 24, 1959 was a note and chattel mortgage and did not constitute a trust receipt within the meaning of Chapter 673, Florida Statutes.
*12 “7. Chapter 673, Florida Statutes, entitled ‘The Uniform Trust Receipts Law’, is not applicable to this litigation.
“8. The 1960 Ford 2-door sedan, which is the subject matter of this suit, was not taken from open stock of defendant J. E. Mims Motor Sales, Inc., which had been covered by the Trust Receipts filing.
“9. The bill of sale, trust receipt and promissory note issued to defendant American Discount Company by defendant J. E. Mims Motor Sales, Inc., dated June 9, 1960, were inferior in dignity to the lien of plaintiff Central Bank of Tampa, Inc., the note and chattel mortgage of plaintiff Central Bank of Tampa, Inc., having been previously duly recorded with the Motor Vehicle Commissioner, and a notation thereof having been made on the original title certificate.”
The main thrust of the defendant’s argument is that the chancellor erred in failing to declare its lien superior to that of the plaintiff because the November 24, 1959, transaction constituted trust receipt financing of floor plan stock of the dealer, Mims. We believe, however, that the chancellor’s decree is correct.
Chapter 673, Fla.Stat., F.S.A. is The Uniform Trust Receipts Act, which was adopted by the Florida legislature in 1951, Chapter 26730, Laws of Florida 1951. This is substantially the same as the Act promulgated by the Commissioners on Uniform State Laws in 1933. See 9C Uniform Laws Annotated 220. One of the primary purposes of the type of financing authorized under the Act is to enable dealers to obtain funds for the purchase of goods to maintain inventories at a level suitable to meet the demands of the market. Volusia Discount Company v. Alexander K-F Motors, Fla.1956, 88 So.2d 302. Likewise under the Act recordation is facilitated by the method of filing provided for therein which serves as constructive notice to creditors, including pledgees and mortgagees. Hence, the necessity of recording each isolated transaction is eliminated.
As noted above, some six months prior to the chattel mortgage transaction of November 24, 1959, the defendant and Mims had filed with the Secretary of State a statement of trust receipt financing. That transaction did not involve the delivery of a trust receipt by Mims to the defendant, but rather a chattel mortgage to secure the loan of money to Mims. We do not believe that this transaction is one that is contemplated by The Uniform Trust Receipts Act. The Commissioners in their prefatory note said that “Sec. 2(3), by limiting the purposes of a trust receipt transaction, excludes the ordinary chattel mortgage, even when made by a dealer.” The referred to section appears in our statutes as Sec. 673.02(3) (a), Fla.Stat., F.S.A.:
“The transaction shall not be deemed a trust receipt transaction unless the possession of the trustee thereunder is for a purpose substantially equivalent to any one of the following:
“(a) In the case of goods, documents or instruments, for the purpose of selling or exchanging them or of procuring their sale or exchange; Hs * »
It is clear from the evidence that the automobile involved in this litigation was not a part of the floor plan or open stock of the dealer, Mims. Therefore, the transaction of November 24, 1959, amounted to nothing more than an unrecorded chattel mortgage, the lien of which is inferior to the recorded chattel mortgage of the plaintiff, notwithstanding the subsequent transaction of June 9, 1960. See General Finance Corp. v. Krause Motor Sales, 1939, 302 Ill.App. 210, 23 N.E.2d 781, and the cases collected in the annotations in 101 A.L.R. 453 and 168 A.L.R. 359.
Affirmed.
SMITH and WHITE, JJ., concur.