TILLMAN PEARSON, Judge.
D. & G., Inc. and Desser and Garfield,. Inc., appeal a final decree adjudicating an indebtedness of approximately $5,700,000.00' to the appellee, Bankers Life and Casualty Company and foreclosing a mortgage which secured the indebtedness by encumbering some 1500 acres of unimproved land in Dade County, Florida. This land composed a part of Carol City. In addition, the *573 appellant D. & G., Inc., assigns as error that portion of the final decree which granted relief to the defendants-appellees, Virginia Properties, Inc. and Heftier Construction Company upon a cross-claim filed against the defendant-appellant D. & G., Inc. This cross-claim sought damages resulting from a breach by D. & G., Inc., of its covenant in a vendor-vendee agreement between D. & G., Inc. and the cross-claimants to keep the mortgage with Bankers Life in good standing.
The mortgage sought to be foreclosed contained a provision whereby, upon written request by D. & G., certain portions of the encumbered property were to be released upon the payment of specified sums. This release clause provided for releases in exchange for payments of both principal and interest.
The appellant D. & G. obtained releases for a period of time until it defaulted on the mortgage. Sometime in October of 1958 the mortgage was reinstated by the payment of approximately $637,000.00. At that time the appellant D. & G. contended it was entitled to releases upon the basis of this payment but appellee Bankers Life refused to accept the payment upon such a basis. Thereafter the appellant D. & G. did not demand in writing any releases based upon said payments.
On July 22, 1959, Bankers Life and D. & G. entered into a written agreement. The concluding paragraph of which is as follows:
“13) Having thus settled all of the other matters between us, we acknowledge that at the moment of our signing and your signing this letter with us you have delivered to us all of the releases we have previously called upon you in writing to deliver to us.” [“We” referring to D & G and “you” referring to Bankers.]
In the period of time from the making of the agreement last referred to, until the institution of the suit to foreclose the mortgage, the defendant-appellant D. & G. paid for and secured releases in a substantial amount under the agreement of July 22, 1959, which provided that releases should be given only for payments of principal. The basic attack of the appellants on the final decree of foreclosure is that the chancellor erred in finding that the defendant-appellant D. & G. was in default because it could not come into default when the plaintiff mortgage holder was already in default by its failure to deliver releases for the $637,000 payment made in October of 1958. We hold that this position is untenable. The evidence supports the chancellor’s decree for several reasons.
First, it appears without controversy that releases were to be delivered only upon written request. The defendant-appellant has failed to prove written requests -were submitted as required. This situation is sought to he explained by the appellant upon the theory that because releases had upon occasion been delivered without written request; therefore, this provision of the mortgage was waived. The record does not support this allegation. The proof of such waiver and estoppel must be clear and convincing. See: Jarrard v. Associates Discount Corp., Fla.1957, 99 So.2d 272; Boynton Beach State Bank v. Wythe, Fla.App.1961, 126 So.2d 283.
Secondly, the appellant cannot prevail under its contention that the plaintiff-mortgagee was in default for failure to deliver releases for the $637,000 payment because the agreement itself acknowledges the receipt of all releases properly requested in writing. Appellant suggests that the agreement is ambiguous because it says “all releases we have previously called upon you in writing to deliver t<? us”, thus suggesting that this does not settle the question of orally requested releases. However, even if it is conceded that the instrument is ambiguous, it would be necessary to construe it against the appellant because the appellant drew the instrument. Capital City Bank v. Hilson, 59 Fla. 215, 51 So. 853; Lindquist v. Burklew, Fla.App. 1960, *574 123 So.2d 261. In addition, the parties have themselves interpreted this agreement in such a way as to deny appellant’s interpretation now urged. This is indicated by the fact that subsequent releases were procured only on written request and for payments only on principal. Shouse v. Doane, 39 Fla. 95, 21 So. 807. Mileage Realty Co. v. Miami Parking Garage, Inc., Fla.App.1962, 146 So.2d 403.
Having determined that the defendant-appellant D. & G. has failed to prove that the finding of the chancellor is either against the weight of the evidence or based upon an erroneous application of the law, the decree of foreclosure must be affirmed.
We turn next to appellant D. & G.’s contention that the final decree is erroneous in the relief granted to the cross-claimants, Virginia Properties, Inc. and Heftier Construction Company. After acquiring the subject property and executing the underlying mortgage thereon to the plaintiff Bankers Life, D. & G. sold a considerable amount of the property to the defendants Virginia Properties, Inc. and Heftier Construction Company. By the agreement of sale and purchase, the defendant-appellant D. & G. agreed, as one of the covenants therein, that it would maintain in good standing the underlying mortgage with Bankers Life. Upon the foreclosure of the underlying mortgage, Virginia Properties and Heftier Construction sought, by way of cross-claim, to cancel their purchase agreement and obtain a refund of monies paid thereon. There appeared in the underlying mortgage from D. & G. to Bankers Life a section as follows:
"SECTION 1 — MISCELLANEOUS PROVISIONS:
# * * * * *
“2. The provisions contained in this mortgage are binding upon and inure to the benefit of the Mortgagor and the Mortgagee and their successors and assigns; and the successors and assigns of the Mortgagor will be deemed to include and extend to persons and parties who, from time to time acquire portions of the mortgaged property from the Mortgagor, or from persons or parties claiming by, through or under the Mortgagor. The Mortgagee acknowledges and understands that the Mortgagor will, from time to time, sell portions of the property encumbered by this mortgage to other persons and parties and therefore the Mortgagee agrees with Mortgagor, and persons claiming by, through or under the Mortgagor, that such purchasers shall as a matter of right be permitted to obtain releases from the lien of this mortgage as respects the lands that may have been acquired from the Mortgagor, its successors and assigns, upon the payment of the release amounts referred to in Section ‘E’ of this mortgage; and that this right to obtain said releases will vest in said purchasers regardless of whether or not this mortgage is then in default, provided, however, that the releases sought shall follow the scheme of progression referred to in Section ‘E’, ‘2’, hereof.”
The chancellor entered a separate decree on the cross-claim of Virginia Properties and Heftier Construction Company wherein he found as follows:
“2. The cross-claim against the defendant Desser and Garfield, Inc., be and the same is hereby dismissed for failure of proof, as heretofore announced during the trial.
“3. The cross-claimants’ cross claim against the defendant D. & G. Inc. is well founded and there is due, owing and unpaid to the cross-claimants, Virginia Properties, Inc. and Heftier Construction Company, the sum of $132,000.00.
“4. The cross-claim defendant, D. & G. Inc. holds a $50,000.00, nonnegotiable note, dated April 5, 1962 and executed by the cross-claimant, Heftier Construction Company, and cross-claimants are hereby authorized *575 to cancel said note and set off and recoup the amount thereof against the indebtedness of $132,000.00 due them.
“5. After allowing the cross-claim defendant a credit for the amount of said note there is presently due the cross-claimants the sum of $82,000.00 and a money decree, be and the same is hereby entered in favor of the cross-claimants, Virginia Properties, Inc. and Heftier Construction Company, against the cross-claim defendant, D. & G. Inc., a Florida corporation, in the amount of $82,000.00.”
This decree is attacked upon the basis, first, that there was no proof in the record of an identity of relationship or principal and agent relationship between Virginia Properties, Inc. and Heftier Construction Company, Inc. so that it was improper to allow the cancellation of the $50,000 note of Heftier Construction, Inc. We find that this question although orally argued is not properly raised under appellant’s brief. The only point directed to the cross-claim is as follows:
“POINT 3: IS A PURCHASER OF REAL PROPERTY ENTITLED TO A REFUND OF MONIES PAID THEREFOR WHEN THE SELLER HAS DEMONSTRATED IT HAS ALWAYS BEEN READY, WILLING AND ABLE TO PERFORM PURSUANT TO THE AGREEMENT OF SALE AND PURCHASE AND THE SUBORDINATE MORTGAGE, BOTH OF WHICH HAVE BEEN BREACHED BY THE PURCHASER?”
We have nevertheless carefully examined the record and find that the position now urged was not presented to the trial judge. We have therefore declined to examine the record in order to find whether or not there is evidence to support that particular portion of the final decree on the cross-claim.
The second approach to the cross-claim by the appellant is that since Virginia Properties was fully protected in its purchase agreement by the provision that the purchaser could call upon the Bankers Life as mortgagee to recognize and complete the purchase agreement, therefore Virginia Properties could not in good conscience ask the chancellor to cancel their purchase. We turn here to the pleadings in the cause to find if this question was presented to the trial court and again we must hold that the appellant is now precluded from urging the point. The appellant, as defendant, filed a motion to dismiss the cross-claim upon the sole ground that it failed to state a cause of action. Thereafter the defendant-appellant filed an answer to the cross-claim. This answer failed to raise the question of tlie equities now sought to be urged. We find, therefore, that the provision allowing Virginia Properties and Heftier Construction to complete their purchase was not so self-executing as to require the chancellor to recognize these rights in the absence of a request for their enforcement. Nor does the failure of the chancellor to enforce these rights constitute error where neither the purchaser nor the seller sought their enforcement.
Having determined that the decrees appealed are without error in the particulars to which our attention has been directed by the appellant, we affirm the decrees appealed.
Affirmed.