SPECTOR, Judge.
Appellant, plaintiff below, seeks review of an adverse judgment in a replevin action by which it sought possession of a house trailer against which it has a recorded lien.
The question presented by this appeal is whether the evidence adduced at the final hearing was sufficient to support the lower court’s finding that appellant had no right to possession as against a subsequent purchaser, appellees herein.
The appellees purchased the used trailer in question from a retail dealer, Quality Mobile Homes, Inc. The sale to them was through the medium of a conditional sales contract calling for monthly payments to a bank to which the conditional sales con *18 tract was assigned. Prior to the sale of the house trailer to appellees, Quality had sold it to one Holland as a new unit and the sale to Holland was financed through appellant, a commercial lender. As an incident to the acquisition of the conditional sales contract between Quality and Holland, appellant caused its lien thereunder to be recorded with the Motor Vehicle Department in the manner provided by law. Prior to the sale to Holland, the unit was held for sale by Quality under a “floor plan” arrangement by which Talcott advanced the funds for new units purchased for resale by Quality. Under the floor plan arrangement, Quality had actual authority to sell the new units so no complaint arises from the sale to Holland.
Shortly after the sale to Holland, the latter defaulted on the payments and Quality was notified to take possession of the trailer. Under the terms of the Quality-Holland conditional sales contract which had been assigned to Talcott, Quality was obligated to repurchase the contract and payment therefor was repeatedly demanded from Quality by Talcott.
The trailer in question was repossessed from Holland on or about January 11, 1966, and placed on Quality’s lot. It was sold to the Eckerts on July 26, 1966. The trailer’s absence from Quality’s lot was first noticed on September 14, 1966, during the course of routine periodic inspections made by Talcott relating to the new units Talcott was floor planning for Quality. The testimony of Talcott’s manager was that upon noting the absence of the trailer, he immediately inquired about it and upon learning that it had been sold demanded immediate payment for the contract in accordance with the repurchase agreement. The trailer was not under any floor plan arrangement and the Talcott manager testified that his company had not authorized the resale of the trailer.
At the time of the sale to appellees, no effort was made by Mrs. Eckert, she being the one who negotiated for the trailer, to investigate as to any outstanding liens before making the purchase. Mrs. Eckert gave testimony that she knew the trailer was used. The record reflects that Mrs. Eckert was not unacquainted with motor vehicle titles and liens thereon and also that she was aware that at times title problems arose when vehicles were sold twice.
It is clear that Mrs. Eckert chose to rely upon the representations of the seller as to the condition of the title for the house trailer she purchased.
By misplacing her reliance upon the dealer, appellee ran squarely against the statutory scheme devised by the legislature to protect the relative interests of motor vehicle purchasers, dealers, and financial institutions whose funds underwrite much of the motor vehicle industry.
Section 319.22(1), Florida Statutes, F.S.A., provides that:
“ * * * no person acquiring a motor vehicle from the owner thereof, whether such owner be a dealer or otherwise, hereafter shall acquire a marketable title in or to said motor vehicle until he, she, or it shall have had issued to him, her or it a certificate of title to said motor vehicle; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title or an assignment of such certificate for said motor vehicle for a valuable consideration. Except as otherwise provided herein, no court in any case at law or in equity shall recognize the right, title, claim or interest-of any person in or to any such motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by and on a certificate of title duly issued, in accordance with the provisions of this law.”
Notwithstanding the foregoing statutory provision, the trial court held that appellant’s recorded lien was for naught as against the appellee’s. Appellant contends this holding is erroneous and contrary to the ruling of the court in Boynton *19 Beach State Bank v. Wythe, 126 So.2d 283 (Fla.App.1961). We agree and reverse.
In Boynton, supra, the court was confronted with a factual situation materially similar to the one at hand and held that the purchaser of a used house trailer had the duty to investigate as to any outstanding liens before making the purchase. The court stated at page 284:
“The Wythes were apprised of facts calling for inquiry, hut they relied upon the representations of the Coles and were deceived by them. At the time of the purchase, they did not check with the motor vehicle commissioner as to liens or otherwise; * * * Under the controlling statutes as applied to the circumstances of this case, the Wythes were not innocent purchasers for value without notice and they did not attain a title free of plaintiff’s claim. See Sections 319.22(1) and 319.27(2), Florida Statutes, F.S.A.; May v. Citizens National Bank of Orlando, Fla.App.1958, 100 So.2d 651; Dicks v. Colonial Finance Corporation, Fla.1956, 85 So.2d 874; and McQueen v. M. & J. Finance Corp., Fla.1952, 59 So.2d 49.”
Appellee relies heavily in support of the judgment being reviewed upon the Supreme Court’s holding in Motor Credit Corporation v. Woolverton, 99 So.2d 286 (Fla.1957). There the court held that a lien-holder on a motor vehicle who placed said vehicle on a dealer’s lot upon repossession from a prior purchaser and gave the dealer actual authority to sell the vehicle was estopped from asserting his lien as against a second purchaser for value. Although the court considered the provisions of Section 319.22(1) and held them inapplicable, it did so on the principle of agency arising out of the actual authority to sell conferred upon the dealer after the vehicle was repossessed from the first purchaser. In so holding, the court expressly stated that it was not deciding what effect should be given the statute in cases where the second purchaser buys from one who has only apparent authority to sell the vehicle as distinguished from actual authority to sell. We do not think the Woolverton case to be applicable to the facts reflected in the record in the instant case since there is no evidence that appellant gave the dealer actual authority to sell the trailer in question. In absence of such facts, we are reluctant to depart from the clear statutory scheme devised by the legislature to protect the trichotomy of interests obtaining among lender, seller, and buyer in disputes relating to motor vehicle titles and liens.
Accordingly, the judgment appealed is reversed.
WIGGINTON, Chief Judge, concurs.