UNION INDEMNITY COMPANY, a Corporation under the laws of Louisiana, *Appellant,* v. CITY OF NEW SMYRNA, a Municipal Corporation under the laws of Florida, et al., *Appellees.*

Division B.

Opinion filed October 22, 1930.

*Robert H. Anderson,* for Appellant;

No appearance for Appellees.

BUFORD, J.—The City of New Smyrna filed its bill of interpleader in the Circuit Court of Volusia County, alleging that it held in its possession a balance of $2362.82 due by City to the Bowyer Company under the terms of a contract entered into between the City of New Smyrna and the Bowyer Company for the construction of water works system for the City. That Union Indemnity Company had executed a surety bond under the provisions of Section 3533, Rev. Gen. Stats., 5397 Comp. Gen. Laws 1927; that under the terms of the contract the City was allowed to retain and did retain 15% of the monthly estimates, which retainage was to be held by the City until the construction was completed in accordance with the terms of the contract. That subsequent to the making of the bond The Bowyer Company failed to perform its contract and Union Indemnity Company undertook to complete the contract to satisfy the condition of its bond. That at the time the construction was taken over by Union Indemnity Company there was due by the City to The Bowyer Company the sum of $18,703.82. That it cost Union Indemnity Company $21,162.00 to complete the work. That the State Bank & Trust Company of New Smyrna had made demand on the City for the payment of the sum of $1,000.00 with interest at the rate of 8% per annum from May 22nd 1926 until paid to reimburse the State Bank and Trust Company of New Smyrna for payment of a draft drawn by

The Bowyer Company on the Bank of Okeechobee before it abandoned its contract, which draft was paid by the State Bank & Trust Company of New Smyrna on May 24th, 1926, to The Bowyer Company, and that the State Bank & Trust Company of New Smyrna transmitted the draft to the Bank of Okeechobee and the same was returned unpaid. That the amount of money so paid by the State Bank & Trust Company of New Smyrna to the Bowyer Company was paid for labor and services of employees engaged in the performance of the contract. That on the 9th day of June, 1926, The Bowyer Company assigned to the State Bank and Trust Company of New Smyrna the sum of $1,000.00 and interest at the rate of 8% from the 22nd day of May, 1926, to and including the date on which said assignment was to be paid by the bank to be paid from the amount then due The Bowyer Company by the City of New Smyrna.

It is further alleged that one R. S. Maley furnished certain materials to The Bowyer Company after the execution of the bond by Union Indemnity Company and had made demand for payment of the sum of $90.64.

That subsequent to the execution of the bond the Cameron & Barkley Company claimed to have furnished material to The Bowyer Company used in the construction work in the sum of $1188.00 and had made demand on the City for payment of the same.

That Hibbard Hardware Company claimed to have furnished materials to The Bowyer Company used in the construction work in the sum of $84.18 and had made claim on the City of new Smyrna for payment of $84.18 for such material.

That Union Indemnity Company is claiming the entire balance due under the Bowyer Company contract in the sum of $2362.82.

There was a demurrer filed by Union Indemnity Company, which demurrer was overruled and the defendant allowed time in which to answer the bill. The defendant then filed its answer. The pertinent part of the answer so far as this appeal is concerned was contained in sub-paragraphs b and c of paragraph 3 of the answer which sub-paragraphs are as follows, to-wit:

"(b) This defendant alleges that under the pretended assignment, by virtue of which the State Bank & Trust Company asserts its claim to the fund in the complainant's hands, the Bowyer Company only attempted to assign to the State Bank & Trust Company the sum of one thousand ($1,000.00) dollars from the estimate for the month of June, 1926. The Bowyer Company defaulted as alleged in the bill of complaint prior to June 22, 1926, and this defendant by virtue of its obligation, took over the work agreed to be done by the Bowyer Company contract on or about June 22, 1926. That at the time of the Bowyer Company's default and at the time this defendant took over the work of the completion thereof no estimate had been made of the work during the month of June, 1926, was received, wherefore the Bowyer company never became entitled to any money under the June estimate; that because the Bowyer Company itself did not become entitled to receive any sum of money whatsoever from the estimate for the month of June the pretended assignment was in efficacious to transfer to the State Bank & Trust Company the sum of one thousand ($1,000.00) dollars, or any other sum, payable from the estimate for the month of June.

"(c) This defendant says that prior to the filing of the bill of complaint The Cameron and Barkely Company and Hibbard Hardware Company did each sev-

erally sell, assign, convey, transfer and deliver to this defendant and subrogate this defendant each to all of its rights, claims, demands, remedies and privileges of every kind, character and description that it or either of them then or should thereafter have against the Bowyer Company arising out of the contract with the city of New Smyrna described in the Bill of Complaint, or against this defendant by reason of its obligation; on account of which this defendant now claims and asserts that it is subrogated to any rights or interests which the said The Cameron and Barkely Company and Hibbard Hardware Company, or either of them, may have in and to the fund in the complainant's hands.''

The State Bank and Trust Company of New Smyrna filed its answer, the pertinent parts of which are contained in paragraphs 3 and 4, which are as follows:

''Answering paragraph 3 of the bill of complaint, this defendant admits that on, to-wit, the 13th day of October, A. D. 1926, it made formal demand on the City of New Smyrna for the sum of One Thousand ($1,000.00) dollars, with interest at the rate of eight per cent (8%) from May 22, A. D. 1926, until paid, to reimburse this defendant for payment of a draft drawn by the Bowyer Company on the Bank of Okeechobee, a Florida banking corporation, dated, to-wit, May 24, A. D. 1926, and paid on that date by this defendant and returned unpaid by the said Bank of Okeechobee. This defendant further answering admits that the amount of money so paid by this defendant to the Bowyer Company was to pay for labor and services of employees engaged in the performance of the contract, indemnified by the Union Indemnity Company, and further admits that on, to-wit, the 9th day of June, A. D. 1926, the said 'The Bowyer Company' assigned to

986

this defendant the sum of one thousand dollars ($1,-000.00) and interest at the rate of eight per cent (8%) from the 22nd day of May, A. D. 1926, to and including the date which said assignment was to be paid by the City of New Smyrna, which said assignment was to be paid from the amount then due The Bowyer Company by the City of New Smyrna, and this defendant says that the amount so assigned to it by the Bowyer Company is still due and remains unpaid.''

Maley filed an answer claiming that he was entitled to payment of the sum of $90.64 for materials furnished The Bowyer Company and used in the construction work which is the subject of the suit.

Cameron and Barkely Company filed a disclaimer.

The decree required the complainant to pay into the registry of the court $2,362.82 and thereupon to be dismissed from the cause. It ordered the clerk to pay to Union Indemnity Company $1,272.18 and to pay to State Bank & Trust Company of New Smyrna $1,000.00 and to pay to S. R. Maley $90.64.

Appeal was taken from the decree.

The question before us is whether or not the decree was without error in ordering and requiring the payment of $1,000.00 to State Bank & Trust Company of New Smyrna.

There is no question of fact involved. The case must be determined upon the law applicable to the above stated facts.

There were no exceptions filed to Maley's answer and the answer, having been treated as sufficient, although it fails to measure upon the standard prescribed in Kidd v. City of Jacksonville, 91 Fla. 380, 107 So. R. 677, and Kidd v. City of Jacksonville, 97 Fla. 297, 120 So. R. 556, we can not say that the court committed error in allowing the claim of Maley in the sum of $90.64.

The transaction between State Bank & Trust Company of New Smyrna and The Bowyer Company culminated in a loan in the sum of $1,000 from the bank to The Bowyer Company and The Bowyer Company made an assignment to the bank which conveyed to the bank no greater right in the funds in the hands of the city than that right which The Bowyer Company had at the time of making the assignment. Fla. East Coast Ry. Co. v. Eno, filed April 23, 1930, reported 128 So. R. 622.

In the case of Southern Surety Company v. Schleisenger, 114 Ohio State 323, 151 N. E. R. 117, 45 A. L. R. 371, 379, the court had under consideration the rights of certain parties under a contract for the construction of certain highway work. Southern Surety Company was surety on the contractor's bond. Schleisenger was director of highways and public works in the State of Ohio. The contractor defaulted and Southern Surety Company completed the work under the terms of its bond. During the performance of the work prior to default, the contractors borrowed money from Huntington National Bank of Columbus, for which notes were given and to secure the payment of such notes the contractor pledged as collateral security an assignment to the bank of all monies then due and thereafter to become due from the State of Ohio upon the contract. Notice of the pledge and assignment was given to the director of highways and to the auditor of the state. There were other assignments made under somewhat like conditions. The court in that case say:

"A surety on the bond of a contractor for public work, who completes the work after abandonment by the contractor is subrogated to all the rights of the state in the fund remaining at the time of declaration of forfeiture, and entitled to priority of payment of the balance of said fund as against the assignee of such

contractor, to whom the balance of said fund had been assigned to secure loans received by him, the proceeds of which were used in making payment of the claims of laborers and materialmen, even though the surety on such bond was obligated to pay all claims of laborers and materialmen, and even though such money was loaned and such claims paid before declaration of forfeiture.''

In this case the surety was bound to pay the claims for labor and material furnished in the construction contracted for. When the surety undertook the completion of the construction it became subrogated, to the extent necessary to protect it from loss, to all the rights which the city might have asserted as against the funds in its hands. Such right attached at the time the contract of surety was made and is one of the valuable rights which accrued to the surety upon its becoming obligated as such and these rights could not be defeated by an assignment of the fund in the hands of the owner to secure a loan of money. The assignee of the contractor could acquire no greater right by reason of an assignment than that which the contractor himself might assert against the owner. See F. E. C. Ry. v. Eno, 128 So. R. 622; Mass. Bonding & Ins. Co. v. Ripley County Bank, 237 So. W. R. 182, 208 Mo. Ap. 560; Derby v. U. S. Fidelity & Guaranty Co., 87 Ore. 34, 169 Pac. R. 500; Peoples National Bank v. Corse, 133 Tenn. 720, 182 So. W. R. 917; Henningsen v. U. S. Fidelity & Guaranty Co., 208 U. S. 404, 52 Law Ed. 547; Prairie State Bank v. U. S., 164 U. S. 227, 41 Law Ed. 412.

For the reasons above stated, the decree appealed from is reversed with directions that a decree be entered not inconsistent with this opinion.

Reversed and remanded.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., and ELLIS and BROWN, J. J., concur in the opinion and judgment.