Mrs. Hortense J. Reese, *Plaintiff in Error*, vs. Arthur C. Schenck, as Receiver of and for the Bank of Wauchula, *Defendant in Error.*

144 So. 313.

Opinion filed November 2, 1932.

*Leitner & Leitner,* for Plaintiff in Error;

*Latimer C. Farr,* for Defendant in Error.

Buford, C.J.—In this case Schenck, as receiver, sued Mrs. Reese on certain promissory notes.

The second amended second plea of the defendant, in which it is attempted to plead "no consideration" and the allegations of which must be construed most strongly against the pleader, shows that Mrs. Reese while under coverture executed a note with her husband. The plea further shows that after Mrs. Reese was divorced the bank threatened suit. Mrs. Reese, to avoid the threatened suit and because of alleged misrepresentations by the Bank as to her legal liability, made and executed her individual notes to the bank and received in exchange therefor the note executed by herself and her former husband, being the note first above mentioned. The note being valid obligation of the divorced husband constituted a valuable consideration for the notes of Mrs. Reese. The plea is silent as to whether or not the original notes were endorsed by the Bank before delivery to her, but this is

immaterial, as in any event she would be entitled to have the endorsement of the bank on the notes. See **Parr v.** Fort Pierce Bank & Trust Co., 100 Fla. 941, 130 South. Rep. 445.

The note of husband and wife was void as to the married woman. After the execution of the note Mrs. Reese was divorced and thereby became *sui juris*. As the plea shows upon its own allegations that there was valuable consideration for the original individual notes of Mrs. Reese and that the notes sued on were notes given by her in renewal of such original individual notes, the demurrer was properly sustained.

The judgment should be affirmed. It is so ordered. Affirmed.

WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., concur.