J. M. LEE, as COMPTROLLER, v. QUINCY STATE BANK and CITIZENS BANK AND TRUST COMPANY.

173 So. 909.
Opinion Filed April 22, 1937.

766

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, for Appellant;

*C. L. Walker* and *B. A. Meginniss,* for Appellees.

WHITFIELD, P. J.—The appellee bank brought a bill of complaint against the State Comptroller, seeking to have him and his agents and employees enjoined from requiring the banks under Chapter 15787, Acts of 1931, to have documentary stamps representing State excise taxes, bought and put upon promissory notes for a mere notation on the notes of extensions, not renewals, of the notes, proper stamps having been placed upon the original notes.

Section 1, paragraph 1 of the Act provides: "That on and after the passage of this Act, there shall be levied, collected and paid for and in respect of the several documents, debentures or certificates of stock and indebtedness, and other documents, instruments, matters, writings, and things mentioned and described in Schedule A of this Act, or for or in respect of the vellum, parchment, or paper upon which such document, instrument, matter, writing, or thing, or any of them, are written or printed by any person, firm, association, or corporation who makes, signs, executes, issues, sells, removes, consigns, assigns, or ships the same, or for whose benefit or use the same are made, signed, executed, issued, sold, removed, consigned, assigned, or shipped in the State of Florida, the taxes specified in said Schedule A."

Paragraph 4 of Schedule A is: "On promissory notes, non-negotiable notes, written obligations to pay money, as-

signment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the State of Florida, and for each renewal of · the same on each $100.00 of the indebtedness or obligation evidenced thereby, 10c. Mortgages which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate."

The statute does not mention "extensions" of notes, but only the execution of and the renewal of notes. A renewal of a note involves a new contract by the maker or obligor. An extension of time for payment of a note requires assent on the part of the payee or holder of the note. See 54 C. J. 381; 25 C. J. 227; 8 C. J. 425.

The banks in effect claim that a renewal of a note as taxed by the statute does not include an extension of the note, and that the extension of a note by an unsigned notation on the original note: "Interest paid to" a given date, or "Note extended to" a given date, is not a renewal of the note within the meaning of the statute.

The Comptroller insists that by custom the words, "renewal" and "extension" are used interchangeably by banks and such a notation on the original note is an extension based upon a valid consideration and is in effect a renewal of the original obligation.

"If there is any · doubt of the liability of an instrument to taxation under the Act, the construction is in favor of exemption, because a tax cannot be imposed without clear and express words for that purpose." United States v. Isham, 17 Wall. 496, 21. L. Ed. 728. See also Metropolis Pub. Co. v. Lee, 126 Fla. 107, 170 So. 442; State v. Cook, 108 Fla. 157, 146 So. 223.

The statute imposes a stated tax "for or in respect of" stated "documents, instruments, matters, writings and

things mentioned and described in Schedule A of this Act, or for or in respect of the vellum, parchment, or paper upon which such document, etc., are written or printed by any person, etc., who makes, signs, executes, issues, sells, removes, consigns, assigns, or ships the same," etc. This obviously contemplates that the document to be taxed shall be signed, executed, etc. An original and a renewal note to be taxed must be written or printed on vellum, parchment or paper and "made, executed, delivered, sold, transferred, or assigned" in this State. The tax "on promissory notes" and "each renewal of the same," is upon a written or printed obligation covered by the statute, and to be a note or obligation, it is signed by the maker or other obligor.

A *mere notation* upon an original or a renewal note to the effect: "note extended to December 15" or "interest paid to December 15," without a signing or its equivalent of the notation by or for the payee or other party granting the extension, does not constitute a document that is taxed by the statute even though a consideration is given for the notation made upon the note. There is no new note or new promise of the maker to pay the original obligation, but a mere unsigned notation of the payee's indulgence for a time after the due date of the original obligation.

The penalties prescribed for violations of the Act are upon "whoever makes, signs, issues or accepts, or causes to be made, signed, issued, or accepted, any instrument, document or paper" covered by the statute. A mere notation on a note of words in effect the same as words, "interest paid to December 15," or "Note extended to December 15," without any signature to the notation or other binding contract or evidence of a transaction covered by the statute

with reference to the original obligation, is not within the terms or intendments of the taxing statute.

Affirmed.

ELLIS, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.