HENDRY, Judge.
Appellant, Joseph Kowalczyk, plaintiff below, has appealed from a final judgment entered in favor of the appellees, Harry A. Brudder, Jr., and Greyhound Rent-A-Car, Inc., defendants below. The entry of the judgment followed a jury trial and verdict for the defendants.
The plaintiff alleges in his amended complaint that the defendant, Harry A. Brud-der, J.r., negligently and carelessly operated a motor vehicle owned by the defendant, Greyhound Rent-A-Car, Inc., so as to cause the said vehicle to strike the vehicle being driven by the plaintiff and causing him extensive injuries and damages.
The plaintiff further alleges that the defendant Brudder was negligent in that he failed to stop at the intersection as required by a stop sign that had been placed there by the City of Miami Beach; that he was operating said vehicle while under the influence of intoxicating beverages or narcotics to such an extent that his driving ability was impaired; that he was operating the vehicle without a driver’s license; that the defendant was accident prone and knew or should have known that his driving ability was impaired by reason of physical or psychological factors; and that by driving with knowledge of this condition, he was guilty of gross negligence.
The answers of the defendants denied any negligence in the operation of the defendants’ vehicle, and averred that the plaintiff was careless and negligent in the maintenance, operation and control of the motor vehicle which he was driving, and that his said carelessness and negligence caused or proximately contributed to the causing of the alleged injury.
It appears from the testimony that the accident occurred at the intersection of James Avenue and 18th Street in the City of Miami Beach at about 11:00 P.M.; as the plaintiff was proceeding in a westerly direction on 18th Street, a through street, into the intersection preparing to make a left turn onto James Avenue. The defendant, Brudder, was traveling north on James Avenue and drove his car into the intersection without obeying the stop sign and struck plaintiff’s car on the left front side with such force that the plaintiff was thrown onto the street and injured severely.
The defendant, Brudder, admitted seeing the stop sign and failing to stop or apply his brakes until he was IS feet out into the intersection. When questioned about whether he had been drinking intoxicating beverages at or near the time of the accident, he testified that on the day of the accident he had several drinks in the afternoon at a bar and at his home with gpiests ; that his guests left his home at about five or six P.M. He then took a nap for about three or four hours and then had dinner, but no other drinks from that time in the afternoon until the accident occurred.
The testimony of the plaintiff shows that he entered the intersection without seeing the defendant’s car. He said, “I didn’t see anything at all until after I found myself *534 in the street. The first thing I recall I was bouncing in the street, trying to protect myself and found myself sitting there.”
The police officer who went to the scene of the accident immediately after it happened and made an investigation testified at the trial that, “There was an odor of alcohol in the car with Mr. B rudder. We had the same odor in the automobile with the other two gentlemen (plaintiff’s car) also.” He stated that neither of the parties was charged with driving while intoxicated.
The errors assigned by the appellant relate to: (1) Whether the evidence supports a finding that the defendants were guilty of negligence; (2) whether the evidence supports a finding that plaintiff was guilty of negligence which proximately contributed to his injury; (3) whether the court properly charged the jury on the question of contributory negligence; and (4) whether the court wrongfully refused to grant a directed verdict, a new trial or judgment non obstante veredicto in favor of the plaintiff.
It is abundantly clear that the issue of contributory negligence was one for the jury in that there was conflicting testimony a.s to the plaintiff’s use of due care when entering the intersection. Mele v. Summers, Fla.App.1959, 113 So.2d 254; Tooley v. Margulies, Fla. 1955, 79 So.2d 421.
We have carefully examined all of the testimony and the exhibits and have found no difficulty in concluding that there was ample evidence to support the finding that the plaintiff was contributorily negligent. Where, as in the instant case, there is evidence tending to substantiate the reasonableness of the jury verdict, the appellate court must affirm that verdict. Food Fair Stores of Florida v. Vallarelli, Fla. App.1958, 101 So.2d 161.
Finding no error in the charges given or the rulings complained of, the judgment appealed is affirmed.