HENDRY, Chief Judge.
This is an appeal to review a final summary judgment entered in favor of the defendant, Gulf American Land Corporation, in an action against it by the plaintiff, Boulevard National Bank of Miami, on an account assigned to the plaintiff.
On November 29, 1963, Charles F. Mc-Kirahan, hereafter referred to as the assignor, assigned to the plaintiff an account receivable in the form of an invoice for architectural fees owed the assignor under a contract with the defendant. The assignment was as security for a renewal for one month of promissory notes which had been in default since March IS, 1963. The original notes had been secured by assignment of various accounts which had proven to be of no value. Before the renewal notes were made, plaintiff had a telephone conversation with an assistant treasurer of the defendant. Plaintiff testified that during this conversation it was advised that the fees were due and would be paid within a month; while defendant contended it advised only that a contract did exist between it and the assignor.
Plaintiff thereupon, in compliance with Chapter 524, Fla.Stat., F.S.A., recorded the assignment and served notice on the defendant. This notice was acknowledged as follows:
“Receipt is acknowledged of the above invoice and the assignment of this amount to Boulevard National Bank of Miami, and accordingly, payment will be made thereto, to Boulevard National Bank
GULF AMERICAN LAND CORPORATION
By Ronald G. Crandell, Assistant Treasurer
Date 12/6/63”
The notes were not paid by McKirahan: within the renewal period. Thereafter many telephone conversations ensued between the plaintiff and defendant concerning payment of the account. Plaintiff stated that throughout these conversations defendant continued to admit that the amount was due the assignor. Before this action was commenced, the assignor died.
Subsequently, defendant contended that it was not obligated to the assignor at the time of the assignment or afterwards and this contention was not disputed by the plaintiff during the action below.
The trial court found there was no genuine issue of any material fact and awarded the defendant a summary judgment as a matter of law.
The general rule and the law in Florida concerning the rights between an account debtor and assignee is that an assignment of an account shall not prejudice any right of set-off or defense which the account debtor has when he receives notice of the assignment.[1] Further, the assignee can acquire no greater rights under assignment than those possessed by the assignor.[2]
The rule that an assignee can acquire no right superior to those held by his assignor is subject to the qualification that the debtor may, by his representations or conduct estop himself from setting up equities or defenses against the assignee which were available to him against the assignor.[3]
The defendant, in an amended answer, stated it was not indebted to the assignor in any sum whatsoever at the time of the assignment or at any time relevant thereto. Plaintiff did not dispute this contention but claimed that the question presented was one of estoppel.
Before entering into a discussion of the merits of this question we must first deter *587 mine the question of pleading and procedure.
Defendant, in its brief, asserted that the issue of estoppel was never raised before the lower court by the pleadings and, therefore, was never before the lower court as an issue as framed by the pleadings at the summary judgment hearing and cannot be raised on appeal.
Estoppel is an affirmative defense which is waived if not specifically pleaded.[4] The point was thoroughly considered by the Supreme Court which declared that a plaintiff need not anticipate the defense of the defendant and plead estoppel in his complaint.[5] However, we believe, as did the Supreme Court, that it would be better practice to assert an affirmative defense against matter contained in an answer by requesting leave of court to file a reply to the answer.
Under Rule 1.36 Florida Rules of Civil Procedure, 30 F.S.A., a party may support a motion for summary judgment with affidavits and the adverse party may serve opposing affidavits. Plaintiff was the original movant for summary judgment but its motion was denied. In support of this motion plaintiff filed affidavits asserting that the notes were renewed only after the defendant confessed the fact that the said account receivable was outstanding and owing the assignor. We find, therefore, that plaintiff was not precluded from asserting the defense of estoppel at the summary judgment hearing. And, that plaintiff did raise this defense in the lower court by evidence contained in its affidavits in support of its motion for summary judgment.
The burden of proving all the facts essential to the working of an estoppel rests on the party asserting it. The evidence submitted on the point must be sufficiently certain, clear and satisfactory to prove the essential elements of estoppel.[6] l(.
An essential element in the doctrine of estoppel is that the person claiming: estoppel must have been influenced or mislead by the conduct, act or omission of th® party against whom the doctrine is invoked ‘ and in consequence of such conduct he must have changed his position to his detriment.[7] More specifically we have held that, “A fundamental requirement for the establishment of equitable estoppel is that the party alleging it show an injury as a result of changing his position in reliance upon the other parties’ original action or inaction.” [8]
Plaintiff contends its injury consisted of being induced by the defendant to enter into renewal notes with the assignor, to abandon the earlier delinquent notes, to extend the time of indebtedness, and to continue its dealings with the assignor.
However, the original notes were already in default for more than eight months, the original security for these notes had proven to be of no value, no action had been taken against the assignor who died before the commencement of this action, and the renewal period was for one month only. Estoppel being a doctrine based upon principles of justice and morality, we conclude that plaintiff has not sufficiently shown that it has been injured, as it is interpreted under the law, and that no injustice will be done if defendant is not estopped to assert its defense against the plaintiff.
The evidence not being sufficient to establish an equitable estoppel, we find that the trial judge was correct in finding that there was no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.
*588 Accordingly the judgment is affirmed.
Affirmed.

. § 524.06, Fla.Stat., F.S.A.

. Union Indemnity Co. v. City of New Smyrna, 100 Fla. 980, 130 So. 453 (1930).

. 6 C.J.S. Assignments § H7.

. Dicks v. Colonial Finance Corporation, Fla.1956, 85 So.2d 874.

. Jarrard Motors v. Associates Discount Corporation, Fla.1957, 99 So.2d 272.

. id.

. Boynton Beach State Bank v. Wythe, Fla.App.1961, 126 So.2d 283.

. State ex rel. Hawley v. Coogan, Fla.App.1957, 98 So.2d 757, 759.