SWANN, Judge.
This is an appeal by Southern Gulf Utilities, Inc., defendant below, seeking review of a final judgment entered in the amount of $21,451.19 in favor of the appellee, United Benefit Fire Insurance Company, a surety company. The appellee has cross-assigned as error the failure of the trial court to grant relief it sought for additional damages and to allow interest and costs in connection with the final judgment.
The appellant entered into a written contract on June 1, 1960 with a contractor, Inter-American Pipeline Corp., whereby the latter was to construct certain improvements upon appellant’s property located in Dade, Clay and Indian River Counties, Florida. The appellee thereafter executed a performance and payment bond with the contractor as principal and the appellant as obligee, guaranteeing performance of the contract and payment by the contractor of all persons supplying it with labor and materials under the contract.
Construction under the contract was completed by the contractor and final payment made by the appellant to the contractor without requesting or receiving a sworn statement or affidavit that all bills due on-the aforesaid jobs had been paid. Thereafter, the appellee was required to pay certain sums to materialmen who furnished materials to the contractor on the job, for which they were not paid.
The appellee then sued to recover from the appellant certain damages, alleging, essentially, that the appellant committed fraud in the procurement of the bond by failing to advise the appellee of the financial condition of the contractor; that the appellant had paid a portion of the total contract price in the form of joint checks to the contractor and various materialmen and had failed to designate the jobs to which the payments were to be applied, resulting in the application of the money to debts not connected with the jobs bonded by the appellee; that the contract price was $221,116.04 and that there had been paid only the sum of $213,855.43, leaving the difference between these two figures as due and owing to appellee; and that the appellee suffered losses as a result of the appellant’s failure to withhold ten percent of the contract price from the contractor as required by the contract.
The bond contained the following pertinent language:
* * * * * *
“* * * if the principal shall promptly make payment to all persons supplying labor and material used in the prosecution of the work provided for in said contract, * * * then this obligation to be void; otherwise to remain in full force and effect.”
******
The contract contained the following pertinent language:
* * * * * *
“ * * *. Disbursement by the Owner of the funds withheld by him to satisfy the claims of unpaid laborers, lienors, materialmen or subcontractors shall be in accord with applicable statutes.
*620 “Payments to tlie Contractor under this contract will be made on monthly estimates, prepared by the Engineer, of the value of the work accomplished during the preceding month, less a retention of 10 per-cent when a performance and payment bond has been furnished, or -a retention of 20 percent as required by the foregoing provisions when no performance or payment bond has been furnished.” (Emphasis added)
* * * * * *
The trial court, sitting without a jury, interpreted this language to require the appellant-owner to obtain a sworn affidavit from the contractor before paying the final ten percent upon the completion of the job. The appellant had failed to do so, and the court entered a judgment against it for ten percent of the contract price in favor of the appellee, and denied all other relief.
The language in the contract required the appellant to disburse funds withheld by it in accordance with applicable statutes. The statute in force at that time and upon which this court must base its decision was the Mechanics’ Lien Law, Chapter 84, Florida Statutes (1959), F.S.A., which requires, in part:
******
“When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of' each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services, or materials. * * * ” (Section 84.04(3) ).
******
If the owner does not demand the sworn contractor’s affidavit, he subjects himself to the possibility of having to pay twice for portions of the improvements for which the contractor did not pay laborers or suppliers. All State Pipe Supply Co. v. McNair, Fla.1956, 89 So.2d 774. In the case, sub judice, the owner paid the contractor in full, did not retain ten percent, and did not demand a sworn statement that all lienors were paid. The surety was required under its bond to pay the unpaid parties and obtained its judgment for the sum which the owner should have retained.
In Standard Accident Ins. Co. v. Bear, 1938, 134 Fla. 523, 184 So. 97, 127 A.L.R. 1, the Florida Supreme Court stated:
* * * * * *
“The general rule is that a surety, whether compensated or not, is subro-gated as of the time the contract was made to the benefit of all securities and means of payment then or thereafter under the creditor’s control; Union Indemnity Co. v. City of New Smyrna, 100 Fla. 980, 130 So. 453; and it follows that he is entitled to have the building fund in the hands of the owner properly applied as contemplated by the contract and bond and in accordance with law.” (Emphasis added).
* * * * * *
In 72 C.J.S. Principal and Surety § 299 (1951) it states:
******
“A surety for the performance of a contract may recover from the obligee the amount of a judgment resulting from the latter’s failure to retain a percentage of the payment, as required by the contract.”
******
A surety brought suit against a school district for its wrongful release of funds to the surety’s principal in Fort Worth Independent School Dist. v. Aetna C. & S. *621 Co., 5 Cir., 1931, 48 F.2d 1. The court, holding for the surety, said:
******
“It is well settled that a stipulation in a building contract that a percentage of the price shall be retained until the final completion and acceptance of the work, is as much for the benefit of the surety as for the protection of the owner, and a failure to comply therewith releases the former insofar as the rights of the latter are concerned. (Citations omitted) * *
******
In Hochevar v. Maryland Casualty Co., 6 Cir., 1940, 114 F.2d 948, the court held that the surety on a performance bond could recover for an amount equal to judgments against the surety in favor of the unpaid laborers and materialmen. There the county commissioners had, without the surety’s consent, paid the contractor retained percentages which the contract required to be withheld from the monthly estimates, even though statutory liens had not been perfected.
It follows therefore that the appellee herein was entitled to the benefit of the security and means of payment, which was not disbursed in accordance with the applicable statutes by the appellant, and the appellee had a right to institute action against the appellant on the bond.
The appellant relies on the cases of Collins for Use and Benefit of Dixie Plywood Co. of Tampa v. National Fire Insurance Co. of Hartford, Fla.App.1958, 105 So.2d 190 and Gibbs v. Hartford Accident & Indemnity Co., Fla.1952, 62 So.2d 599. After reviewing these cases, we find the Collins case, supra, involved the interpretation of Section 255.05, Florida Statutes, F.S.A., and the Gibbs case, supra, was concerned with a suit by a contractor against a surety on a performance bond; therefore, these cases are inappropriate.
We are of the opinion that the trial court was correct in awarding judgment in the sum of $21,451.19, ten percent of the actual amount paid on the contract, which was the amount the appellant failed to retain from the contractor. We have reviewed the cross-assignments of error filed by the appellee and find them to be without merit.
For the reasons stated, the judgment is
Affirmed.