WADDELL, THOMAS R., Jr., Associate Judge.
This is an appeal by the defendants, Fort Lauderdale Country Club, Inc. and Pargo, Inc., from a final judgment entered upon a jury verdict awarding plaintiff, Albert E. Winnemore, $32,000.00 for personal injuries sustained as a result of defendants’ negligence.
Plaintiff brought this action against defendants to recover damages for injuries sustained by him when he was struck by a golf cart driven by one of his golfing companions while standing near the seventeenth tee of defendant’s golf course. The two defendants involved on this appeal are the operator of the Fort Lauderdale Country Club, Inc. and the owner and maintainer of electric golf carts, Pargo, Inc. Fort Lauderdale Country Club, Inc. had entered into an agreement with Pargo, Inc. whereby Pargo, Inc. furnished golf carts for the use of the patrons of the country club. The club received fifty per cent of the rental proceeds, and Pargo received fifty per cent. Plaintiff, a patron of the club, rented the carts from an employee of the club. Pargo’s only employee at the club was a maintenance man whose duty each morning was to check all carts to see that they were operational. The carts furnished by Pargo are equipped with a rubber brake pedal cover.
Plaintiff and the rest of his foursome upon receiving their two carts proceeded to play. The plaintiff’s cart stopped near the seventeenth tee, and the other cart stopped at a drinking fountain some distance from the seventeenth tee. The drinking fountain was on a knoll of ground some two to four feet higher in elevation than the point where the plaintiff’s cart had stopped. The ground on the knoll was muddy due to the presence of the drinking fountain. After the men had finished drinking one of them commenced to drive his cart close to the point where the plaintiff’s cart had stopped. Plaintiff v/as at the rear of his cart attempting to remove a golf club. The driver of the second cart attempted to stop the forward motion of the cart, but his foot slipped off the brake pedal and onto the accelerator pedal. He immediately removed his foot from the accelerator and applied it to the brake, but again his foot slipped and hit the accelerator pedal causing the cart to strike the plaintiff pinning him between the two carts.
The rubber brake pedal cover had been removed from the cart which struck plaintiff prior to renting it from defendants. Plaintiff’s cart had the rubber cover. Without the cover the pedal had a smooth metal surface. The driver was wearing conventional spike golf shoes. The cart had a top speed of eight to ten miles per hour although the driver estimated his speed at about three to four miles per hour. The driver testified that he had driven the cart about ninety per cent of the time prior to the accident and had experienced no difficulty with the metal pedal. An engineer of Cushman Motors, manufacturers of the cart, testified via deposition that the purpose of the rubber covers was a safety feature to prevent slipping.
*224 Defendants contend on appeal, first, that they were not guilty of any negligence, and, secondly, even if they were, their negligence was not the proximate cause of the plaintiff’s injury. We find that there was substantial competent evidence from which the jury could find that the defendants failed to use reasonable care by renting this golf cart for use without the rubber brake pedal safety device. We also find that there is substantial competent evidence from which a jury could find that such negligence was the proximate cause of plaintiff’s injury and that the conduct of the driver of the cart was not an intervening cause which breaks the chain of causation. Under such circumstances both questions were properly submitted to the jury and their verdict must be affirmed. Kowalczyk v. Brudder, Fla.App.1961, 134 So.2d 532.
Affirmed.
SMITH, C. J., and ANDREWS, J., concur.