DREW, Justice.
The decision of the district court in this case is reported in 179 So.2d 584. *629 The. following excerpt from that opinion in the light of the facts delineated therein which we are bound to accept is, in our judgment, sufficient to create the necessary conflict of decisions to vest jurisdiction in this Court and to require that the subject decision be quashed as an erroneous application of the law of estoppel, viz:
“However, the original notes were already in default for more .than eight months, the original security for these notes had proven to be of no value, no action had been taken against the assignor who died before' the commencement of this action, and the renewal period was for one month only. Estoppel being a doctrine based upon principles of justice and morality, we conclude that plaintiff has not sufficiently shown that it has been injured, as it is interpreted under the law, and that no injustice will be done if defendant is not estopped to assert its defense against the plaintiff.
“The evidence not being sufficient to establish an equitable estoppel, we find that the trial judge was correct in finding that there was no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.”
On the question of jurisdiction, the statement “plaintiff has not sufficiently shown that it has been injured” necessarily establishes a concession by the court that there exists a triable issue of fact. It is elemental that, under such circumstances, a summary judgment such as was entered in this case is improper and such decision, therefore, to that extent conflicts with a long line of decisions of this Court and other district courts of appeal.[1]
It is not necessary to weigh the injury in order to determine the applicability of the doctrine of estoppel. Under former decisions of this Court, injury is presumed in the circumstances set forth in this record.[2] Whether the injury is great or small is of no consequence.. It.is undisputed from the record that the petitioner hank, in reliance upon the representations orally and in writing of the respondent, surrendered the right to immediately enforce a past due obligation for an obligation which under its terms could not be enforced for a period of thirty days. Under such circumstances, the respondent should not now be permitted to deny the truthfulness óf the representations which induced the action on the part of the bank. ¡
The decision of the district court is quashed and the cause remanded for further proceedings in accordance with this opinion.
THORNAL, C. J. and ROBERTS, O’CONNELL, CALDWELL and ERVIN, JJ., concur.
THOMAS, J., dissents.

. Sconyer v. Scheper (Fla.App.2d 1960), 119 So.2d 408; Smith v. Musso (Fla.App.2d 1963), 151 So.2d 475.

. Lee v. Quincy State Bank (1937), 127 Fla. 765, 173 So. 909; Reese v. Schenck (1932), 107 Fla. 166, 144 So. 313.