212 So.2d 17 (1968)
BOULEVARD NATIONAL BANK OF MIAMI, a National Banking Corporation, Appellant,
v.
GULF AMERICAN LAND CORPORATION, a Florida Corporation, Appellee.
No. 67-739.
District Court of Appeal of Florida. Third District.
June 18, 1968.
Rehearing Denied July 24, 1968.
Joseph M. Fitzgerald and Thomas A. Horkan, Jr., Miami, for appellant.
Irving Cypen, Miami Beach, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PEARSON, Judge.
The plaintiff, Boulevard National Bank of Miami, appeals a final judgment for the defendant, Gulf American Land Corporation, entered after a non-jury trial upon appellant's claim under an assigned account. The appeal requires consideration of the history of this cause in this court and in the Supreme Court of Florida.
Appellant filed its complaint in 1964, alleging that Charles F. McKirahan, d/b/a Charles McKirahan & Associates, was indebted to the plaintiff in the amount of $22,697.50, plus interest and attorney's fees; that in order to secure this amount the debtor had executed and delivered to the plaintiff an assignment of the account receivable due him from the defendant; that the plaintiff had complied with Chapter *18 524, Fla. Stat., and had served notice of the assignment on the defendant; that the defendant at the request of the plaintiff had acknowledged the existence of the account and its assignment to the plaintiff; and that the debtor was in default at the time of his death. Copies of documents related to the allegations were attached to the complaint. The plaintiff prayed the entry of judgment in the total amount of the assigned account, plus interest, attorneys' fees, and costs.
After the defendant answered and discovery proceedings had been completed, the trial court found no genuine issue as to any material fact and awarded the defendant-appellee a summary judgment which this court affirmed in Boulevard Nat. Bank of Miami v. Gulf American Land Corp., Fla.App. 1965, 179 So.2d 584, holding:
"The evidence not being sufficient to establish an equitable estoppel, we find that the trial judge was correct in finding that there was no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law."
In Boulevard National Bank of Miami v. Gulf American Land Corporation, Fla. 1966, 189 So.2d 628, the Supreme Court of Florida quashed the decision of this court, holding:
"It is not necessary to weigh the injury in order to determine the applicability of the doctrine of estoppel. Under former decisions of this Court, injury is presumed in the circumstances set forth in this record. Whether the injury is great or small is of no consequence. It is undisputed from the record that the petitioner bank, in reliance upon the representations orally and in writing of the respondent, surrendered the right to immediately enforce a past due obligation for an obligation which under its terms could not be enforced for a period of thirty days. Under such circumstances, the respondent should not now be permitted to deny the truthfulness of the representations which induced the action on the part of the bank." (Footnote omitted.)
We thereupon withdrew our mandate and issued a mandate which remanded the cause for "further proceedings in accordance with the * * * opinion and judgment of the Supreme Court of Florida." Boulevard Nat. Bank of Miami v. Gulf Amer. Land Corp., Fla.App. 1966, 190 So.2d 67. A non-jury trial ensued; at its conclusion the trial judge entered extensive findings of fact:
"1. On November 29, 1963, Charles F. McKirahan was indebted to the Plaintiff, Boulevard National Bank of Miami, on two promissory notes, each of which had been in default for more than eight months. The Plaintiff's attempts to collect the said notes had been of no avail. On that date McKirahan met with Mr. Charles Kastner, Vice President of the said Bank, and advised him among other things that the Defendant, Gulf American Land Corporation, was indebted to him in the amount of $23,816. He [McKirahan] handed to Mr. Kastner a copy of his invoice, which reflected a total charge of $46,816, with credits of $23,000, and a remaining balance of $23,816, and discussed with him an assignment of the said account receivable to the Boulevard National Bank as security for an extension or renewal of the obligation.
"2. Before agreeing to such extension or renewal, Mr. Kastner called the Defendant, Gulf American Land Corporation, and was referred to Mr. Ronald G. Crandell the Assistant Treasurer of the said corporation. Mr. Crandell confirmed the existence of the invoice, and that the Defendant would honor an assignment thereof to the Boulevard National Bank, and would acknowledge such understanding. Gulf American did not guarantee McKirahan's obligation to the bank, nor did it enter into any direct contractual obligation with the bank.

*19 "(a) Plaintiff's Exhibit 5 is not an acknowledgment that the money referred to therein is due and owing by the Defendant to Charles F. McKirahan, neither is it a guarantee of payment. I find that Plaintiff's Exhibit 5 is an acknowledgment of the assignment made by Mr. McKirahan to the Plaintiff bank, which assignment was Plaintiff's Exhibit 3.
"(b) In addition, Plaintiff's representative had a conversation with Defendant's representative and the Court finds that the Defendant's representative made representations that there was an invoice as stated and acknowledged the assignment of it, and the Plaintiff's representative relied on those representations, and the Court further finds that the said representations were not a guarantee of payment nor an acknowledgment that the money was due and owing by the Defendant to Charles F. McKirahan.
"(3) Thereupon, in reliance upon the said representations, the Plaintiff entered into the renewal notes, each dated November 29, 1963, each of which was to become due December 31, 1963. The first such note was in the amount of $10,197.50, and was introduced into evidence as Plaintiff's Exhibit 1; the second note was in the amount of $12,500, and was introduced into evidence as Plaintiff's Exhibit 2.
"(4) The Plaintiff also obtained from McKirahan an assignment of the Gulf American account, which assignment was introduced into evidence as Plaintiff's Exhibit 3. The bank perfected its assignment by filing with the Secretary of State. In addition, the bank wrote a letter to the Defendant, setting forth the representation and enclosing a copy of the said invoices, and requesting of receipt of the letter and invoice. Such acknowledgment was signed by Mr. Crandell under date of December 6, 1963 and returned to the Bank. A copy of the said letter was introduced into evidence as Plaintiff's Exhibit 5, and a copy of the invoice was introduced into evidence as Plaintiff's Exhibit 6.
"5. Thereafter, attempts by the Bank to collect the account from Gulf American were of no avail; Mr. McKirahan died, and the Defendant denied any indebtedness. There has been nothing paid on the McKirahan indebtedness, and the entire balance of the said indebtedness, including principal, interest and attorney's fees, remains outstanding. The Plaintiff's claim against the Defendant, Gulf American Land Corporation, however, is admittedly limited by the amount of the said invoice, $23,816, together with interest at the legal rate from November 16, 1963.
"6. The Plaintiff offered no proof that the Defendant was actually indebted to McKirahan at any time material to this cause, and the Defendant offered proof that it was not so indebted. This Court finds there was no indebtedness due or owing by the Defendant to McKirahan, either on November 29, 1963, or any time thereafter.
"7. In addition, the Plaintiff has failed to prove any pecuniary damages arising out of the extension of time given to McKirahan, and has failed to prove that it could have collected any funds from McKirahan had the said renewal notes not been entered into.
"8. This Court therefore concludes that the Defendant is not obligated to the Plaintiff for any matters involved in this cause."
On this appeal from the judgment for the defendant-appellee, the appellant has presented two points. The first urges that the trial court's finding that appellee's representations were not an acknowledgment that money was due and owing to McKirahan is contrary to the manifest *20 weight of the evidence. In a non-jury case the findings of the trial judge are entitled to the same weight as a jury verdict. First Atlantic National Bank of Daytona Beach v. Cobbett, Fla. 1955, 82 So.2d 870; Dade Engineering & Construction Co. v. D'Amato, Fla.App. 1959, 108 So.2d 627. Therefore, if the record reveals credible testimony which forms a rational basis for the finding of the trial judge, we will not disturb that finding. Cf. Cormier v. Williams, 148 Fla. 201, 4 So.2d 525 (1941); Kowalczyk v. Brudder, Fla. App. 1961, 134 So.2d 532. Crandell, an officer of Gulf American, testified that at the time of the telephone conversation upon which the appellant relied when it extended credit to McKirahan, Crandell did not tell Kastner, of the bank, that any sums of money were due McKirahan under the contract. It is clear from a reading of the testimony of this witness that the trial court had a firm basis for finding that the full extent of the assurances given by the appellee to the appellant were (1) that the invoice[1] which was to be assigned had in fact been received by Gulf American and (2) that Gulf American acknowledged the right of the assignee bank to any payments thereunder.
Crandell also signed a request for acknowledgment mailed to him by Kastner:
"Receipt is acknowledged of the above invoice and the assignment of this amount to Boulevard National Bank of Miami, and accordingly, payment will be made thereto, to Boulevard National Bank
GULF AMERICAN LAND CORPORATION
By Ronald G. Crandell, Assistant Treasurer."
"Ronald G. Crandell, Assistant Treasurer" and "12/6/63" are written by Crandell. The other words in the letter of *21 acknowledgment were typed by a representative of the bank.
We conclude that the appellant has failed to demonstrate that the finding of the trial court was against the manifest weight of the evidence.
Appellant's second point is that the trial court erred in refusing to follow the law of the case as determined by the decisions in the prior appeals. The thrust of this point is that despite his findings of fact, the trial judge should nevertheless have ruled in favor of the appellant, because the Supreme Court of Florida has already determined that the elements of estoppel were present and that appellant was entitled to recover upon the theory of equitable estoppel. The essence of this court's decision which was quashed was that while there were issues of fact before the trial court, they were not material issues of fact. We mistakenly held that there was no issue of fact as to equitable estoppel because the facts affirmatively showed that no injury resulted when the appellant changed his position in reliance upon the appellee's action. The Supreme Court held that there was a genuine issue of material fact as to the existence of equitable estoppel. The Supreme Court did not determine that equitable estoppel had been established at the time of the defendant's motion for summary judgment. There were many issues remaining to be tried. One of these issues, whether the actions of the appellee constituted a representation that sums of money were then due from the appellee to McKirahan, was determined adversely to the appellant at trial. We find nothing in the Supreme Court's opinion to indicate that the trial court did not have full jurisdiction to determine this issue upon the pleadings before it. We therefore hold that the trial court did not violate the law of the case in its finding that the appellant was not entitled to recover.
Affirmed.
NOTES
[1] "MR. H.D. REMINGTON November 18, 1963
 CAPE CORAL CONSTRUCTION
 P.O. BOX 867
 CAPE CORAL, FLORIDA

ARCHITECTURAL SERVICES AS FOLLOWS:
 CAPE CORAL APARTMENT PROJECT
 C - #363-68

 Estimated cost of Building:
 Area per floor 26,600 Sq. Ft.
 # of floors 8 Floors
 _______
 Total Area 212,800 Sq. Ft.
 Estimated Cost at $11.00/Sq. Ft. $11
 ________
 Estimated Cost of Building $2,340,800
 Architectural Fee  4% or $93,632.00 (Estimated)
 Architectural Fee due on completion of preliminary plans
 25% of Architectural Fee or 1% of Construction Cost $23,408.00
 Working Drawings currently 50% complete ½ of 50% of
 Fee  1% of Construction Cost 23,408.00
 ___________
 $46,816.00
 LESS AMOUNTS RECEIVED TO DATE:
 9/23/63 $2,500.00
 10/14/63 1,250.00
 10/22/63 1,250.00
 11/ 1/63 3,000.00
 _________
 $8,000.00 8,000.00
 ___________
 REQUEST FOR PAYMENT ON ACCOUNT THIS DATE $38,816.00
 (Handwritten) Reed 11/27/63 15,000.00
 ___________
 $23,816.00"