PEARSON, Judge.
Appellant, Prestress Erectors, Inc., filed a complaint against the appellee, James Talcott, Inc., alleging that the appellee maliciously: (1) caused a third corporation, Concrete Structures, Inc., to breach its contract with the appellant; and (2) interfered with appellant’s advantageous business relations with persons in the construction industry. The trial court having be7 fore it the affidavits and depositions of the parties determined that there was no genuine issue of any material fact and that the appellee, James Talcott, Inc., was entitled to a summary judgment as a matter of law. This appeal is from that judgment.
We hold that the trial court erroneously determined that there was no genuine issue of material fact as to the cause of action stated in count one of appellant’s complaint but that the court properly determined that there was no genuine issue of material fact as to the cause of action stated in count two of the complaint.
Prestress was engaged in the business of hauling and erecting concrete forms. A good portion of its business was done with Concrete Structures, Inc., a manufacturer of these forms. Concrete Structures sold forms to various general building contractors. In the regular course of its business Concrete Structures made contracts with Prestress, delegating to it the work of transporting and erecting concrete forms.
Talcott is engaged in the business of lending money. It had an arrangement with Concrete Structure whereby Talcott would advance money to Concrete Structures and Concrete Structures would assign all its accounts receivable and deliver all checks it received on those accounts to Talcott. In October 1966 Concrete Struct tures went into bankruptcy.
Prestress alleged in the first count of its complaint that Talcott took advantage of *298 this situation during the last months of the corporate Life of Concrete Structures to cut off all payments from Concrete Structures to Prestress; that Concrete Structures received money from general contractors for work done by Prestress; and that in order to recoup its own losses Tal-cott prevented Concrete Structures from paying Prestress money due Prestress for its work.
The record on appeal contains over 600 pages of depositions, affidavits, and interrogatories. We shall serve no useful purpose by analyzing the results of the various discovery proceedings. It is apparent however that Talcott failed to demonstrate the non-existence of any genuine issue of material fact concerning count one. Talcott has demonstrated that Concrete Structures may have defenses or set-offs against the claims of Prestress. We do not consider this to eliminate all issues as to count one, since it is established that an assignee of an account takes the account subject to all outstanding equities and cannot occupy a better position than the assignor. See Florida East Coast Ry. Co. v. Eno, 99 Fla. 887, 128 So. 622, 70 A.L.R. 506 (1930). Claims of persons whose labor or materials contributed to the performance of a contract from which an account arose constitute equities which may not be disregarded. See Union Indemnity Co. v. City of New Smyrna, 100 Fla. 980, 130 So. 453 (1930).
As a further defense Talcott offers the affidavits of one of its executives and of the president of Concrete Structures stating that decisions as to which accounts Concrete Structures would pay were not made by Talcott. We think these affidavits are not sufficient to foreclose the issue because they are contradicted by the affidavit of the President of Prestress. Upon a motion for summary judgment the non-moving party is entitled to have every inference from the facts made in his favor and against the movant. Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780. In the present instance there is a clear inference from the record that Prestress’s payments from Concrete Structures were entirely cut off by Talcott. This inference gains strength from the fact that Talcott took the president of Concrete Structures into its employ. The circumstances revealed by the depositions and affidavits convince us that Talcott did not carry its burden of demonstrating the non-existence of a genuine triable issue of material fact upon count one. See Holl v. Talcott, Fla.1966, 191 So.2d 40; Visingardi v. Tirone, Fla.1966, 193 So.2d 601.
The basis of Prestress’s count two is allegedly malicious interference by Talcott with the advantageous business relationship between Prestress and the general contractors who had hired Concrete Structures as sub-contractor and whose sub-contracts had been partially performed by Prestress. This count of the complaint alleged that Prestress was entitled to look to the general contractors for payment even though Prestress had not contracted with them directly. It then alleged that Prestress was deprived of direct payment from the general contractors by actions of Talcott.
We think Talcott has shown count two of the complaint to be without basis. It clearly appears that: (1) Prestress had no legal right to expect payment directly from the contractors; (2) Talcott was legally effecting collection of money due it under the assignment of accounts by Concrete Structures. Whenever one collects money to which he has a legal claim, the mere allegation of another that he also has a claim to the money does not make collection by the first claimant a malicious interference with advantageous business relations of the second claimant. We therefore conclude that the court properly entered a summary judgment upon the cause of action contained in count two of appellant’s complaint.
Prestress also contends the court’s refusal to allow it to conduct discovery proceedings regarding certain aspects of the relationship between Talcott and Concrete *299 Structures was error. We hold that the rulings complained of were within the discretion of the trial court. See Carson v. City of Fort Lauderdale, Fla.App.1965, 173 So.2d 743.
The summary final judgment appealed from is affirmed as to count two and reversed as to count one, and the cause is remanded for further proceedings upon count one of the complaint of Prestress.
Affirmed in part, reversed in part and remanded.