**AETNA INSURANCE COMPANY,**
**a corporation, Plaintiff,**

v.

**The POOLE AND KENT COMPANY,**
**a corporation, Defendant.**

**Civ. A. No. 68-218.**

United States District Court
S. D. Florida,
Miami Division.

March 6, 1969.

John A. Curtiss, of Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for plaintiff.

James Knight, of Walton Lantaff Schroeder Carson & Wahl, Miami, Fla., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ATKINS, District Judge.

It is rare that opposing parties in a lawsuit can reach complete agreement in the facts involved. In the case *sub judice*, both parties have signified such agreement in their motions for summary judgment. The Court concurs in such procedure as the facts are well established and only the legal issue remains.

Briefly, the situation is as follows: Defendant is a general contractor which entered into an agreement with a subcontractor. After substantial performance the subcontractor walked off the job, having received a number of payments on its contract. The defendant-general contractor entered into an agreement with the surety, plaintiff in this cause, to complete the job. Having fulfilled its part of the bargain the surety now seeks the funds which would have been due the subcontractor from the general contractor were it not for the default. There were several adjustments to this balance and the amount sued for is $10,120.18. The defendant refuses to pay as it contends there is no balance remaining on the contract. The discrepancy arises from plaintiff's contention that defendant should not have honored an assignment of part of the contract price made by the subcontractor to a bank. Defendant points out that payment of this assignment dissipated the adjusted balance of funds remaining due on the contract. Several dates are significant. The surety bond was issued on January 18, 1965. The assignment by the subcontractor was made on May 19, 1965. On November 22, 1965, the subcontractor defaulted and the surety completed the job on January 24, 1966. Defendant-general contractor paid the subcontractor's assignment to the bank on December 16, 1966. (Apparently pursuant to settlement of a lawsuit as payment was approximately 90% of the amount of the assignment.)

The Court notes the splendid efforts of counsel for both sides and the thirty-five pages of memoranda filed. Unfortunately, the fabled "controlling case" directly applicable to the instant case escaped the collected research of counsel. The case is Midtown Bank of Miami v. Travelers Indemnity Company, 366 F.2d 459, a 1966 Fifth Circuit case arising from this very district. The facts are strikingly similar. The Court reiterated the general rule of suretyship law that where insuror makes good under its contract of suretyship upon default of principal, the surety acquires an equitable lien against any sum due its principal remaining in the hands of the one for whose protection the bond was written. Pearlman v. Reliance Ins. Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962); Henningsen v. United States Fidelity & Guaranty Company, 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547 (1908); Union Indemnity Co. v. City of Smyrna, 100 Fla. 980, 130 So. 453.

In applying this rule the Court in *Midtown* held that the surety's equitable lien applied only to funds remaining in the hands of the owner (defendant-general contractor in this case) after actual notice of the surety's claim and the subcontractor's default. In *Midtown* as in

the case at bar the subcontractor made an assignment to a bank subsequent to issuance of a performance and payment bond on the job. The assignment was paid in *Midtown* before the owner had knowledge of the default. Therefore the surety was not entitled to the funds paid pursuant to the assignment. In reaching this decision the Court stated unequivocally that had the funds used to pay the assignment been in the hands of the owner when such owner was notified of the default, then the surety company would have priority over the assignee-bank.

Referring to the dates set forth above the defendant-general contractor in this case knew of the default in mid-November, 1965. Payment to the assignee bank was made over a year later in December, 1966. It is clear that the surety company must prevail and its motion for summary judgment is granted.

The defendant's motion for summary judgment is denied.