CARROLL, Judge.
The appellant Prestress Erectors, Inc., a Florida corporation, sued James Talcott, Inc., a New York corporation, in an action ex contractu in the circuit court of Dade County. After certain pleadings and discovery proceedings, the cause was set for jury trial September 22, 1969, by an order dated June 18, 1969.
On September 15, 1969, the defendant moved to dismiss the action, charging failure of the plaintiff corporation to pay its capital stock tax and that by reason thereof the corporation had been dissolved by proclamation of the Governor. The motion to dismiss was supported by a certificate of the Secretary of State of Florida, dated September 12,1969, revealing that the plaintiff corporation had been dissolved on May 13, 1969, pursuant to F.S.1967, § 608.36 F.S.A. On the date set for hearing the motion to dismiss, plaintiff’s counsel filed an affidavit stating that the funds necessary to reinstate the corporation had been forwarded to the Secretary of State by telegraph. Thereafter, on September 23, 1969, an order was entered dismissing the cause, reciting as the ground therefor the incapacity of the plaintiff corporation because of its prior dissolution for failure to pay its corporate stock tax.
On September 25, 1969, the plaintiff filed a motion for rehearing and a motion for relief from the judgment of dismissal under Rule 1.540 FRCP, 31 F.S.A. In those motions it was alleged that the delinquent capital stock tax had been paid on September 17, 1969. The motions were supported by a telegram from the Secretary of State advising plaintiff’s attorney that the corporation had been reinstated on September 19, 1969. The trial court denied the motions for a rehearing and to vacate the dismissal, by an order dated October 10, 1969. Plaintiff filed its notice of appeal directed to the latter order and to the order of dismissal on October 30, 1969.
The failure of the plaintiff’s attorney to submit proof satisfactory to the trial court *740 of the reinstatement of the corporation, prior to the entry of the order of dismissal, may have justified the dismissal order when entered. However, the timely motion for rehearing disclosing a communication from the Secretary of State, informed the court that the delinquent tax was paid and that the plaintiff corporation had been reinstated on September 19, 1969. In that situation the plaintiff’s motions for rehearing and for reinstatement of the cause should have been granted. American Land Development Corporation v. Hillman, Fla.App. 1962, 138 So.2d 756.
The orders appealed from are reversed and the cause is remanded for further proceedings.