PER CURIAM.
This is the third appearance of this cause in this court. See: Prestress Erectors, Inc. v. James Talcott, Inc., Fla.App.1968, 213 So.2d 296; Prestress Erectors, Inc. v. James Talcott, Inc., Fla.App.1970, 235 So.2d 739. The first cited opinion sets forth the relationship of the parties and returned the matter for trial on one count contained in the plaintiff’s complaint alleging tor-tious interference with a contractual relationship. When the matter came on for trial at the conclusion of the plaintiff’s case, the trial court directed a verdict and this appeal ensued.
It is the contention of the appellant that because Talcott exercised its rights accruing under a prior assignment from the appellant’s general contractor this constituted a tortious interference with the subsequent accruing rights of the appellant to collect for work performed under a contract with the general contractor, relying heavily on this court’s opinion reported in Prestress Erectors, Inc. v. James Talcott, Inc., Fla.App.1968, 213 So.2d 296, and the reliance therein on Union Indemnity Co. v. City of New Smyrna, 100 Fla. 980, 130 So. 453.
We have reexamined the first opinion of this court in this cause and the case of Union Indemnity Co. v. City of New Smyrna, supra, and do not believe that they support the position urged by the appellant. First, the case of Union Indemnity Co. v. City of New Smyrna, supra, turned on the *565 terms of a surety bond on a public works contract. Second, the first opinion of this court was discussing the propriety of the entry of a summary judgment for Talcott when there were conflicting affidavits in the record. At the time of the trial of this cause, the evidence actually presented to the trial court did not establish any more than the fact that Talcott claimed what it was legally entitled to under its assignment. If the evidence had been such to show that in addition to receiving what it was entitled to it had maliciously prevented the appellant from receiving funds justly due it, then possibly the appellant would have maintained a tortious claim. But, we fail to find such in the record in this cause and we do not believe that cases turning on the priority of assignments, mechanics lien law, or contract rights are to be controlling when the action sounds in tort.
We have examined the other point urged for reversal and find it to be without merit, in light of the above and foregoing.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.