390 So.2d 172 (1980)
BALBOA INSURANCE COMPANY, Appellant,
v.
W.C.B. ASSOCIATES, INC., Walter C. Bowman & Associates, Norma L. Bowman, Walter C. Bowman, Faith Construction Company, Richard W. Beckwith and Housing Authority of Brevard County, Florida, Appellees.
No. 80-193.
District Court of Appeal of Florida, Fifth District.
November 19, 1980.
*173 Donald E. Grincewicz, Law Office of Carroll S. Barco, Orlando, for appellant.
Edward L. Stahley, Cocoa, for appellee, Housing Authority.
ORFINGER, Judge.
Appellant contends that the trial court erred in dismissing with prejudice its complaint against the appellee, Brevard County Housing Authority. We agree and reverse.
The complaint alleges that appellant was the surety on a contractor's performance and payment bond with appellee as the obligee thereof. When the contractor defaulted in performance, appellant as surety stepped in and completed the work at a cost of $5,309.08. Based on the terms of its assignment and indemnity agreement with the contractor, wherein the contractor assigned to the surety all rights under the contract and all monies due thereunder, appellant then requested the Housing Authority to pay it that sum out of the funds still retained by the Authority on the contract. When the appellee refused to pay, this suit followed.
The performance bond contained a provision that any suit on the bond must be brought within two years from the date in which the final payment under the contract falls due, and the motion to dismiss was based on the sole ground that the complaint clearly showed upon its face that suit had not been brought within that time.
Nowhere in the complaint does it allege that this action was brought under the bond. We find nothing in the bond that would give the surety a cause of action against the obligee, nor does the complaint allege any violation of any covenant of the bond. Therefore, whatever limitation applies to the bond is not material here.[1]
Instead, it is clear that the action is brought under the assignment and indemnity agreement. Appellee points to nothing in the complaint nor to any authority which would cause us not to recognize the validity of the assignment. Additionally, when the surety undertook the completion of the construction, it became subrogated, to the extent necessary to protect it from loss, to all the rights of the contractor in the funds still remaining unpaid in the Housing Authority's hands. Commercial Bank in Panama City v. Board of Public Instruction of Okaloosa County, 55 So.2d 552 (Fla. 1951); Union Indemnity Co. v. City of New Smyrna, 100 Fla. 980, 130 So. 453 (1930); Phifer State Bank v. Detroit Fidelity & Surety Co., 97 Fla. 538, 121 So. 571 (1929). The court should not have dismissed the complaint because of any limitation period contained in the bond.
The final judgment dismissing the complaint as to appellee is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] In the light of our decision, we need not decide the validity of the two year limitation period mentioned in the bond. The bond makes no reference to Chapter 255, Florida Statutes (1973), nor does it state that it is furnished pursuant to the requirements of that statute. For a case holding that a bond similar to the bond issued by the surety here is a common law bond subject to the limitations contained in § 95.11(3), Florida Statutes (now § 95.11(2)(b)), see United Bonding Insurance Company v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971).